UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
NO. 05-10088-WGY

**JULIANNE MARIE EVANS**
     **Plaintiff,**

VS.

**NANTUCKET COMMUNITY SAILING, INC.**
     **Defendant.**

### DEFENDANT'S COUNSEL'S OPPOSITION TO PLAINTIFF'S COUNSEL'S FILING OF A NOTICE OF DEFENSE COUNSEL'S WILLFUL NON-COMPLIANCE WITH THE COURT'S SCHEDULING ORDER AND REQUEST FOR IMPOSITION OF SANCTIONS

Now comes the defendant and files its Opposition to Plaintiff's Counsel's Filing of a Notice of Defense Counsel's Willful Non-Compliance with the Court Scheduling Order and Request for Imposition of Sanctions.

**BACKGROUND**

1. On February 7, 2005, defendant's counsel spoke via telephone with Attorney Steven D. Miller who has managed the plaintiff's case since December 2002.

2. During the February 7, 2005 telephone conference, counsels for the defendant and the plaintiff discussed the filing of the Answer and the plaintiff's allegations that liability is clearly against the defendant and or its employees.  An assertion that the defendant denies.

3. During the February 7, 2005 telephone conference, plaintiff's counsel stated that he had a "policy limits" case, and therefore would demand the full policy limits available under the defendant's liability insurance coverage.

4. Defendant's counsel respectfully disagreed with plaintiff's counsel's assertions and requested that plaintiff's counsel tender a written settlement demand so that defendant's counsel could confer with its client regarding the plaintiff's allegations and settlement demand.

5. On February 8, 2005, defendant's counsel received a letter from plaintiff's counsel stating that he believed "damages are far in excess" of the available insurance coverage.

6. On or around February 8, 2005, defendant's counsel submitted a written report to our client concerning the plaintiff's allegations and demand for the full policy limits available under the defendant's liability insurance coverage.

7. Defendant's counsel believes he received one or two voicemail messages from Attorney Steven D. Miller over the course of the next two weeks, in which, he inquired on the defendant's counsel's

     health and well being, but did not inquire as to the necessity of conferring further on the status of scheduling discovery in this matter.

8. On February 23, 2005, after conferencing with our client, defendant's counsel contacted Attorney Steven D. Miller regarding the filing of the Joint Scheduling Statement and the defendant's rejection of the plaintiff's demand for the policy limits.

9. After conferencing with Attorney Steven D. Miller, defendant's counsel faxed a copy of our proposed Joint Scheduling Statement to his office requesting again that he tender a written settlement demand in order to complete the filing of a Joint Scheduling Statement.

10. On February 23, 2005 at 2:40 p.m., defendant's counsel received a facsimile from Attorney Jeffery A. Miller claiming that the parties have not conferred "with the letter and spirit of the order." This was the first communication from Attorney Jeffrey Miller. All prior communications were with Steven Miller.

11. Attorney Miller further states in his letter that he is out of the office that day and the next day, but was available via his cell phone indicating

       among many outlined issues that depositions of the parties could be conducted by telephone.

12. On February 24, 2005 at 12:07 p.m., defendant's counsel received a facsimile from Attorney Jeffery A. Miller claiming that defendant's counsel "will not confer" with him and "ignored" requests to confer with plaintiff's counsel.

13. Attorney Jeffery A. Miller included in his letter a written offer of settlement indicating that the "demand is for the policy limits."

14. On February 28, 2005, defendant's counsel called Attorney Jeffery A. Miller and left a voicemail message concerning any additional issues that he wished to discuss including the filing of the Joint Scheduling Statement.

15. Defendant's counsel did not receive a return phone call and therefore filed defendant's Scheduling Statement.

16. In lieu of receiving a return telephone call, defendant's counsel received a facsimile from Attorney Jeffery A. Miller forwarding a Notice of Defense Counsel's Willful Non-Compliance with the Court's Scheduling Order and Request for Imposition of Sanctions.

17. On or around March 1, 2005, Attorney Jeffery A. Miller filed his Notice of Defense Counsel's Willful Non-Compliance with the Court's Scheduling Order and Request for Imposition of Sanctions with this Honorable Court.

**REPLY TO PLAINTIFF'S COUNSEL ALLEGATIONS**

**IMPOSITION OF SANCTIONS**

Attorney Jeffery A. Miller submits that defendant's counsel should be sanctioned because it did not reply to repeated telephone messages from Attorney Steven D. Miller's and his letter dated February 8, 2005. Defendant's counsel submits that but for its conversation with Attorney Steven D. Miller on February 7, 2005, we would not have received the ambiguous settlement demand on February 8, 2005. Further, upon receiving the letter dated February 8, 2005, we immediately forwarded a report to our client informing it of recommendations and conveying the plaintiff's counsel thoughts on settlement of the case. Given that the plaintiff was seeking a recovery without discovery, defendant's counsel was not in a position to discuss a settlement without discussing the merits of the case. Two weeks after receiving the February 8, 2005 letter from Attorney Steven D. Miller, defendant's counsel contacted Attorney Steven D. Miller regarding the filing of the Joint

Scheduling Statement.  Defendant's counsel submits that a two week time lapse between receipt of a settlement demand for the policy limits and a reply to that demand is more than reasonable and did not prejudice the plaintiff's case or affect the preparation and submission of the Joint Scheduling Statement to the Court.

Further defendant's counsel submits that Attorney Jeffery A. Miller has not stated any facts to support that the defendant's counsel willfully failed to obey an order of this Honorable Court.  His allegations are without factual support and are based upon his own self-serving correspondence to defendant's counsel which we received after the defendant refused the plaintiff's settlement demand.  The defendant's counsel submits that he is fully prepared to participate in the Scheduling Conference to be held on March 7, 2005 at 2:00 p.m.  We have conferred with plaintiff's counsel and our client as required by Local Rule 16.1 in preparation for our attendance at the Scheduling Conference.  Accordingly, we submit that there is no factual basis to warrant the imposition of sanctions.

Finally, the defendant's counsel submits Attorney Jeffery A. Miller's involvement in this matter only commenced after plaintiff's counsel was informed of defendant's rejection of the settlement demand.  Defendant's

counsel submits that Jeffery A. Miller is seeking expedited discovery and the imposition of sanctions against defendant's counsel as a means to avoid the procedures and requirements imposed by the Federal Rules of Civil Procedure, the costs associated with proceeding under the Federal Rules of Civil Procedure and to intimidate the defendant's counsel into settling this matter without fully investigating and establishing the merits of the plaintiff's case.  Defendant's counsel submits Attorney Jeffery A. Miller's allegations are factually unfounded and his request to this Honorable Court should be denied and the case proceed in the interest of justice and in accordance with the Federal Rules of Civil Procedure and the local rules of this court.

**WHEREFORE**, the defendant's counsel prays that this Honorable Court in the spirit of justice, deny Attorney Jeffery A. Miller's request for sanctions against defendant's counsel.

8

        Respectfully Submitted,

        **DEFENDANT**
        **CLINTON & MUZYKA, P.C.,**


        <u>"/s/ Terence G. Kenneally"</u>
        **Thomas J. Muzyka**
        **BBO NO. 365540**
        **Terence G. Kenneally**
        **BBO NO. 642124**
        One Washington Mall
        Suite 1400
        Boston, MA 02108
        617-723-9165


Dated: March 4, 2005