UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-10088 MBB

JULIANNE MARIE EVANS,

    Plaintiff,

vs.                                             **Motion To Amend Complaint**

NANTUCKET COMMUNITY
SAILING, INC., a Massachusetts corporation

    Defendant.
_____/

    Plaintiff moves this court for an order allowing it to amend her complaint. A copy of the proposed amended complaint is attached hereto, which has previously been provided to opposing counsel. Undersigned counsel has conferred with opposing counsel, Thomas Muzyka, who advises that he has no objection to the amendment, reserving all other objections he might have. Rule 15, Fed.R.Civ.P. The court will recall that the amendment was discussed at the last status conference and that plaintiff was waiting for disclosure of the names and addresses of the additional Irish individuals involved in the accident from the defendants in order to complete it. At that time the defendants indicated no objection and the court agreed to allow it.

    Wherefore, it is requested that the court allow the amendment to be filed and for the clerk to issue summonses for the new defendants.

                              Respectfully submitted,

                              "/s/ *Jeffrey A. Miller*"
                              _____
                              Jeffrey A. Miller, Esq.

Certificate of Compliance with L.R. 15.1

I HEREBY CERTIFY that this motion to amend has been served in advance on the new parties as required by L.R. 15.1.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing and attachment were sent by U.S. Mail and facsimile to Thomas J. Muzyka, Esq., One Washington Mall, Suite 1400 Boston, Massachusetts 02108 on June 13, 2005.

"/s/ *Jeffrey A. Miller*"
_____
Jeffrey A. Miller, Esq.
2424 North Federal Highway, Suite 314
Boca Raton, Florida 33431
Tel. 561.392.4300
Fax 561.347.7588
Florida Bar No. 308358

and

Steven D. Miller, Esq.
817 South University Dr., Suite 122
Plantation, Florida 33324
Tel. 954.472.0776
Fax 954.472.0875
Florida Bar No. 508187
Massachusetts Bar No. 560862.

and

Michael P. Ascher, Esq. (local counsel)
P.O. Box 667
Hampden, MA 01036
Tel  : 413.566.3878
Fax  : 413.566.3437
Massachusetts Bar No. 022695

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-10088 MBB

JULIANNE MARIE EVANS,

        Plaintiff,

vs.

NANTUCKET COMMUNITY
SAILING, INC., a Massachusetts corporation,
RONAN O'SIOCHRU and DONNCHA
KIELY,

        Defendants.
_____/

**AMENDED COMPLAINT**

Plaintiff sues defendants and alleges:

1. This is an action between citizens of different states and different countries for damages in excess of $75,000, exclusive of interest and costs. The court has diversity of citizenship jurisdiction, pursuant to 28 U.S.C. 1332.

2. Plaintiff, Julianne Marie Evans, is a citizen of Florida.

3. Defendant, Nantucket Community Sailing, Inc. ("Nantucket Sailing") is a Massachusetts corporation with its principal place of business on Nantucket, Massachusetts.

4. Defendants, Ronan O'Siochru and Donncha Kiely, are citizens of Ireland. Nantucket Sailing employed them during the summer of 2002 as sailing instructors. At all times material hereto they were acting within the course and scope of their employment.

5.  Venue is proper in this court as the acts complained of occurred on Nantucket, Massachusetts in or about July, 2002.

6.  Within a day or two of July 5, 2002, while vacationing on Nantucket, plaintiff saw an advertisement for a Nantucket Sailing sail and barbecue event open to the public taking place at Jettie's Beach on or about Friday July 5, 2002. She decided to check it out.

7. Once there, plaintiff met some of Nantucket Sailing's staff and they talked about the program. She explained to them that she was a bit apprehensive about sailing as she had not sailed in many years. She was assured that it was safe, that she needn't worry and that she would have a nice leisurely sail on a little boat. Reluctantly, she agreed to go and was put on a small dinghy-type sailboat with Ronan O'Siochru ("Ronan"). They were the only two on board.

8. As they were sailing, another Nantucket Sailing dinghy-type sailboat, this one operated by Donncha Kiely ("Donncha"), approached from the left side. Apparently, and without the knowledge or consent of plaintiff, Donncha and Ronan were "racing" in what they have subsequently characterized as in a "non-competitive" way.

9.  Donncha had the clear right of way as he approached Ronan on what both he and Ronan saw was a collision course, yet Ronan did not yield. Nevertheless, they "raced" on and both stayed their course.

10. To avoid crashing into Ronan's boat and at the last possible moment, Donncha steered his boat hard to the left (jibed) causing his boom to swing hard across his boat (from left to right) slamming into the back of plaintiff's head (who was sitting on the left side of her boat).

11. Plaintiff was thrown into the hull of her boat, knocked unconscious. She suffered serious and permanent injuries as a result, including to her neck and back as well as the permanent loss of her senses of smell and taste.

12. The near miss and resulting boom to the head of plaintiff, could easily have been avoided by either Ronan or Donncha had they not been so competitive in their "non-competitive race" and done as promised, to wit: taken plaintiff on a nice leisurely sail.

13. Nantucket Sailing and its employees, Ronan O'Siochru and Donncha Kiely, had the duty to provide plaintiff and did promise her a safe, leisurely, sailing experience. She was not advised that she was going to be involved in a race and did not consent to being in a race.

14. Ronan and Donncha breached their duty of care by racing and by not timely steering away from a clear collision course so as to avoid the near miss and the boom striking plaintiff.

15. Ronan, in addition, breached his duty of care by failing to yield and to give way when Donncha had the clear right of way. Had he done so the accident and resulting injury to plaintiff would have been avoided.

16. Plaintiff's injuries were proximately caused by the negligence of Ronan and Donncha, both of whom were under the direct supervision and employ of Nantucket Sailing, which is, therefore, vicariously liable for their negligence and the injuries sustained by plaintiff.

Wherefore, plaintiff demands that judgment be entered against each of these defendants for money damages for the serious and permanent injuries suffered by plaintiff and the cost of suit.

"/s/ *Jeffrey A. Miller*"

_____

Jeffrey A. Miller, Esq.
2424 North Federal Highway, Suite 314
Boca Raton, Florida 33431
Tel. 561.392.4300
Fax 561.347.7588
Florida Bar No. 308358

and

Steven D. Miller, Esq.
817 South University Dr., Suite 122
Plantation, Florida 33324
Tel. 954.472.0776
Fax 954.472.0875
Florida Bar No. 508187
Massachusetts Bar No. 560862.

and

Michael P. Ascher, Esq. (local counsel)
P.O. Box 667
Hampden, MA 01036
Tel   : 413.566.3878
Fax   : 413.566.3437
Massachusetts Bar No. 022695

Dated: June 13, 2005