UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
NO. 05-10088-MBB

JULIANNE MARIE EVANS
    Plaintiff,

VS.

NANTUCKET COMMUNITY SAILING, INC.,
RONAN O'SIOCHRU and DONNCHA KIELY
    Defendants.

## DEFENDANT'S, DONNCHA KIELY, ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Now comes the defendant, Donncha Kiely, in the above entitled action, by and through his undersigned counsel, Clinton & Muzyka, P.C., and files his Answer to plaintiff's Amended Complaint as follows:

1. Paragraph 1 contains allegations of law to which a response is not required, but to the extent that a response is required, the defendant denies all the allegations contained therein.

2. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies same.

3. The defendant is without personal knowledge or information sufficient to form a belief as to the

       truth of the allegations contained in Paragraph 3 and therefore denies same.

4. The defendant admits that he is a citizen of Ireland and was employed by Nantucket Community Sailing, Inc. during the summer of 2002 as a sailing instructor. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 and therefore denies same.

5. Paragraph 5 contains allegations of law to which a response is not required, but to the extent that a response is required, the defendant denies all the allegations contained therein.

6. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies same.

7. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies same.

8. The defendant is without personal knowledge or information sufficient to form a belief as to the

        truth of the allegations contained in Paragraph 8 and therefore denies same.

9. Paragraph 9 contains conclusions of law and fact to which a response is not required, but to the extent that a response is required, the defendant denies all the allegations contained therein.

10. The defendant admits that his boat jibed and as a result his vessel's boom impacted with the plaintiff. The defendant denies the remaining allegations contained in Paragraph 10 and therefore denies same.

11. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies same.

12. The defendant denies the allegations in Paragraph 12.

13. The defendant denies the allegations in Paragraph 13.

14. The defendant denies the allegations in Paragraph 14.

15. The defendant denies the allegations in Paragraph 15.

16. The defendant denies the allegations in Paragraph 16.

**WHEREFORE** the defendant, Donncha Kiely, prays that this Honorable Court dismiss with prejudice plaintiff's Amended Complaint together with costs and reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

Now comes the defendant, Donncha Kiely, and incorporates the following Affirmative Defenses into each Count of his Answer as more fully appears below.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to establish personal jurisdiction within this Court to entertain this action.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the U.S. District Court for the District of Massachusetts is not a proper forum and that there has been insufficiency of process and service of process.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that Plaintiffs' Complaint and the causes of action therein are controlled by the Federal Substantive General Maritime Law of the United States.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to state a cause of action upon which relief can be granted.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained personal injuries as alleged, which is specifically denied, it was due to an error of judgment for which the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained personal injuries as alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained injury as alleged, which is specifically denied, those injuries were the result of an Act of God for which the defendant are not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's own negligence and failure to exercise a reasonable degree of care and not due

to any negligence or fault on the part of the defendant nor any person or persons for whom the defendant may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's assumption of the risks associated with sailing.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, comparative fault is to be applied under the General Maritime Law of the United States.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, comparative fault is to be applied under the General Maritime Law of the United States.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, the plaintiff has failed to mitigate her damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the post injury actions

and vessel navigation were pursuant to plaintiff's authorization and request and not in violation of any applicable law and/or regulation.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of each vessel, including their pending freight; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendant, 46 USCA, Appx. § 183 (b) for each vessel.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant is an employee of a charitable organization for purposes of M.G.L. c. 231, § 85K and thereby entitled to charitable immunity.

**WHEREFORE**, the defendant, Donncha Kiely, prays that the above Amended Complaint be dismissed with prejudice together with costs and reasonable attorney's fees.

        By his attorneys,
**CLINTON & MUZYKA, P.C.**


<u>"/s/ Thomas J. Muzyka"</u>
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165


Dated:  October 24, 2005