UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10088-MBB

JULIANNE MARIE EVANS
    Plaintiff,

VS.

NANTUCKET COMMUNITY SAILING, INC.,
RONAN O'SIOCHRU and DONNCHA KIELY
    Defendants.

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Now comes the defendant, Nantucket Community Sailing, Inc., in the above captioned action, by and through its undersigned counsel and respectfully moves this Honorable Court for a Protective Order, pursuant to Fed.R.Civ.P. 26(b)(2) and 26(c), to prohibit the plaintiff from obtaining the Video Deposition of the Norman Mann, M.D. on January 21, 2006 in Boca Raton, Florida.

As grounds in support of this motion, the defendant submits the following.

### BACKGROUND

On December 28, 2005, plaintiff's counsel noticed the Video Deposition of the Norman Mann, M.D. to be held on Saturday, January 21, 2006, at 17643 Tiffany Terrace, Boca Raton, Florida. *A copy of the plaintiff's Notice of Taking*

*Video Deposition of the Defendant is attached hereto as*
***Exhibit 'A'.***

Upon receipt of the notice of deposition, defense
counsel sent an Email to plaintiff's counsel informing him
that January 21, 2006 falls on a Saturday and defense
counsel begins a trial in another matter on Monday, January
23, 2006.[1]  In addition, defense counsel informed plaintiff's
counsel that we anticipated that our client would not pay
for our costs to attend a deposition in Florida since its
location was outside this Court's jurisdiction.  Defense
counsel requested that the deposition be re-scheduled at
another time, possibly to coincide with plaintiff's
counsel's trip to Boston for a status conference before the
Court.  *A copy of the defense counsel's Email, dated December*
*28, 2005, is attached hereto as* ***Exhibit 'B'.***

On December 29, 2005, defense counsel telephoned
plaintiff's counsel concerning the scheduling of Dr. Norman
Mann's Video Deposition.  Plaintiff's counsel was
unavailable to take the call.  Therefore, defense counsel
left a voicemail message reiterating that defense counsel
was on trial and requested that the plaintiff's counsel re-
schedule Dr. Mann's deposition to be held in mid to late

---

[1]  ***Frank Saco vs. Tug Tucana and Tug Tucana Corporation*** in the United
States District Court for the District of Massachusetts bearing  Civil
Action No. 03-12551-MBB

February 2006.  In response to defense counsel's Email, plaintiff's counsel sent an Email stating that scheduling the deposition on a Saturday was an oversight and requested that defense counsel provide dates for the week of January 16, 2006 to conduct Dr. Mann's deposition in Florida.  *A copy of the plaintiff's counsel's Email, dated December 29, 2005, is attached hereto as* **Exhibit 'C'.**

On December 30, 2005, defense counsel attempted to telephone plaintiff's counsel at his cellular telephone number, but was unable to reach him.  Apparently, plaintiff's counsel was traveling at the time of the call and was unavailable.

After the New Year holiday weekend, on January 3, 2006, defense counsel again attempted to confer with plaintiff's counsel concerning the scheduling of Dr. Norman Mann's Video Deposition after receiving an Email concerning an unrelated discovery issue.  Again, defense counsel Emailed plaintiff's counsel to inform him that defense counsel cannot attend the deposition of Dr. Mann in Florida because of the trial scheduled to begin on January 23, 2006.  Defense counsel confirmed with Dr. Mann's staff in Connecticut that he presently remains in Florida, but would return to his office on or around January 11, 2006.

Defense counsel informed plaintiff's counsel that Dr. Mann requires sufficient time to review recently obtained medical records, X-rays and CAT scans and for defense counsel to meet with him before his deposition. Since defense counsel is on trial at the end of January, the meeting with Dr. Mann could not occur until mid-late February 2006. Defense counsel requested that plaintiff's counsel provide alternative dates for Dr. Mann's deposition. To date, defense counsel has not received a reply to its January 3, 2006 Email.

## ARGUMENT

The defendant seeks a Protective Order that requires that the Video Deposition of the Norman Mann, M.D. be conducted in Connecticut in order to minimize the time and expenses incurred by the defendant and the proposed deponent.

Under the Federal Rules of Civil Procedure, the right to take a deposition is limited by Rules 26(b)(2) and 26(c). Rule 26(b)(2) provides that discovery methods shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; ... or (iii) the discovery is unduly burdensome or expensive,

taking into account the needs of the case, the amount in controversy, limitations on the parties' resources and the importance of the issues at stake in the litigation. The court may act upon its own initiative after reasonable notice or pursuant to a motion under subdivision (c). ***Fed.R.Civ.P. 26(b)(2)***. *See also **Gill v. Gulfstream Park Racing Ass'n, Inc.***, 399 F.3d 391, 400 (1st Cir. 2005). Pursuant to Rule 26(c), the court may grant a protective order restricting discovery if it finds that justice requires protecting "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The rule further provides that the court may order, that discovery not be had; that the discovery may be had only on specified terms and conditions, including a designation of the time or place; or that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery. ***Fed.R.Civ.P. 26(c)(1)-(3)***.

The defendant submits that it and its counsel will be subjected to undue burden and expense if its counsel is required to attend the deposition of Dr. Mann in Boca Raton, Florida during January 2006.  As defense counsel has communicated to plaintiff's counsel on several occasions, there is a trial scheduled to begin on January 23, 2006 and therefore, defense counsel must devote his full attention

and resources in that matter.  Upon receipt of the Video
Notice of Deposition, the above reference action was
scheduled for trial with no continuances.  In addition, the
defendant submits that the plaintiff's case will not be
substantively prejudiced in any way if Dr. Mann's deposition
is postponed until mid to late February 2006.  Plaintiff's
counsel has not proffered any substantive reason to support
his insistence that Dr. Mann's deposition be conducted in
Boca Raton, Florida during January 2006 other than
plaintiff's counsel's desire to avoid the time and expense
of his traveling to Massachusetts or Connecticut for the
deposition.

    Further, neither the defendant nor its counsel knew
that Dr. Mann spends a considerable amount of time in
Florida during the winter months.  The defense counsel has
been unable to confer with Dr. Mann concerning his review of
the plaintiff's medical records which were obtained after
her deposition was conducted on December 8, 2005.  After
learning of Dr. Mann's vacation schedule, the defense
counsel has arranged for his review of the medical records
at his office in Connecticut after he returns on January 11,
2006.  Defense counsel has requested that Dr. Mann make
himself available for his deposition during the later two
weeks of February 2006.  Defense counsel is waiting for

confirmation from Dr. Mann concerning available dates to obtain his deposition.  Upon obtaining the dates, defense counsel will confer with plaintiff's counsel.  Defense counsel previously suggested to plaintiff's counsel that the next discovery status conference before this Honorable Court be rescheduled to coincide with Dr. Mann's deposition so that plaintiff's counsel can avoid any additional costs and expense.

Finally, the defendant submits that is no connection with the State of Florida that requires the defendant or its counsel to appear at its own expense for a deposition in Boca Raton.  Therefore, justice and fairness require that Dr. Mann's deposition be conducted in Connecticut.  Otherwise, the defendant and its counsel will be subjected to unnecessary additional costs, expenses, and loss of time.  Since this action was filed in Massachusetts, the discovery should be conducted in Massachusetts.  If it must be conducted outside the jurisdiction of Massachusetts, the plaintiff should be ordered to pay the costs of the defendant's counsel attending the deposition.  The defendant submits that its counsel is willing to travel to Connecticut at his expense to obtain Dr. Mann's deposition at his office at the University of Connecticut in order to lessen the burden and expense on Dr. Mann and defense counsel.

However, traveling to Florida and incurring the additional costs and time associated with that trip are burdens that fall outside the requirements that should be imposed upon the defendant.  Accordingly, the defendant seeks an Order from this Honorable Court that the deposition of Dr. Mann takes place in Connecticut upon a date occurring during the third or fourth week of February 2006.

**WHEREFORE**, the defendant prays that this Honorable Court grant its Motion for a Protective Order that limits the location and timing of the plaintiff's Notice of Taking Video Deposition of the Norman Mann, M.D. to occur during the later two weeks of February 2006 at the office of Dr. Mann at the University of Connecticut in Farmington, Connecticut.

Respectfully submitted by its attorneys,

**DEFENDANT**
**CLINTON & MUZYKA, P.C.,**

"/s/ Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO. 365540**
**Terence G. Kenneally**
**BBO NO. 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
617-723-9165

Dated: January 10, 2006

9

## LOCAL RULE 7.1(A)(2) CERTIFICATE

Boston, MA                                    January 10, 2006

    I, Terence G. Kenneally, hereby certify that I attempted to confer with plaintiff's counsel concerning the resolution of the issues surrounding plaintiff's Notice of Taking Video Deposition of the Norman Mann, M.D. as detailed herein. When a resolution could not be timely reached, this Motion was filed with this Honorable Court.

                                                "/s/Terence G. Kenneally"
                                                Terence G. Kenneally

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-10088 MBB

JULIANNE MARIE EVANS,

    Plaintiff,

vs.

NANTUCKET COMMUNITY
SAILING, INC., a Massachusetts corporation,
RONAN O'SIOCHRU and DONNCHA
KIELY,

    Defendants.

## NOTICE OF TAKING VIDEO DEPOSITION

PLEASE TAKE NOTICE that the Plaintiff will take the video deposition of the following person:

| Deponent | Date/time | Place |
|---|---|---|
| Dr. Norman Mann | January 21, 2006<br>10:00 a.m. | 17643 Tiffany Trace<br>Boca Raton, Florida 33487 |

The deposition will be taken upon oral examination, before an officer duly authorized by law to take depositions. The deposition will continue from day to day until completed.

Respectfully submitted,

"/s/ *Jeffrey A. Miller*"

Jeffrey A. Miller, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. Mail and facsimile to Thomas J. Muzyka, Esq., One Washington Mall, Suite 1400 Boston, Massachusetts 02108 on December 28, 2005.

**EXHIBIT "B"**

**Terence G. Kenneally**

| | |
|---|---|
| **From:** | BiteTheHook@aol.com |
| **Sent:** | Wednesday, December 28, 2005 1:20 PM |
| **To:** | Thomas Muzyka; Terence G. Kenneally |
| **Cc:** | Sdm1059@aol.com |
| **Subject:** | evans v. nantucket sailing |

Dear Tom and Terry,

I noticed Dr. Mann's deposition for January 21, 2006 in Boca
Raton.

I plan on announcing ready for trial at the upcoming status
conference, as you know. Your carrier certainly knows all
it needs to know to assess the case and for you to try it,
so I will also be requesting expedited mediation and trial
dates. Would you consider a mediation conference before
Judge Bowler at the same time as the status conference,
subject to the judge's availability, or shortly thereafter?
I will prepare an agreed upon motion if you are willing. I
assume you have rejected my suggestion for a bench trial,
since I have not heard back from you on that, so I won't
press the issue with Ms. Evans.

If there is anything else you need that I might be able to
help you with, let me know and, as always, I will do my best
to accomodate you.

Thanks guys. I hope you had a Merry Christmas and that
the New Year is a healthy and prosperous one for you both
and your families.

Best,

Jeff Miller

**EXHIBIT "C"**

# Terence G. Kenneally

**From:** BiteTheHook@aol.com
**Sent:** Thursday, December 29, 2005 2:03 PM
**To:** Thomas Muzyka
**Cc:** Sdm1059@aol.com
**Subject:** Re: evans v. nantucket sailing

Hi Tom,

i am sitting in ftl. airport now, with family, on way to bahamas. have a date with a wahoo or two.

thanks for getting back to me. i was beginning to get a complex. i sent you 4 emails on dr mann and boca depo in november and left 3 phone messages for you and terry, each, with no response. so i set it. sorry about the saturday thing. that was an oversight. i will get you date for earlier in that week (i guess that is week of 1/16-20) and send renotice soonest. please plan on it, and let me know if any day is better/worse for you that week.

on the boca thing. dr mann has a home here. he is here about half of his time in the winter. he is available here and we would like to depose him here. really, i would rather not have your client waste any money defending this case or paying to fly you here. that money could be used to fund a settlement. you know my position on this; that your carrier has acted in bad faith for not making a good faith effort to settle. and i believe your carrier knows for an absolute certainty that Ms. Evans' injuries occurred as result of the boat accident, not the later slip/fall in the sand at Brant Point (interesting story here, our daughter, tara, was going to be named Brant if she was a boy. we rented a house for years in the shadow of the brant point lighthouse), so i am unimpressed that they dont want to pay for little trip for you to boca and to force us to spend the money instead (also a waste). Regardless, i don't want to pay for a trip to connecticut, as much as i love the state, for a trip in february, or any other time on this one. and, to be sure, i don't think there is a good reason to prevent dr mann's depo where he lives or can be found or where he will make himself available, and it is not unreasonable to do it here.

with that said, and with the possibility of a mediation looming (waiting only on a word from you and we can try and set that up with Judge Bowler to do it in February), perhaps we can do something else that satisfies both of us on this one. maybe a short telephonic depo, you in boston, me in boca and dr mann, wherever (but not with either of us). short and sweet. you can ask him if his opinion is any different or might be, given your "new" info. that should satisfy your carrier, and then we can mediate. if we don't settle, then we do dr mann by video for trial and figure out where (i will probably still press for boca, but why argue about that now?). or...if we do bench trial, maybe we agree to let him testify live, by phone. why not?

on the xray, etc. thing, i am advised that all that client had in that regard was promptly retrieved and fedex'd to you some time ago, and that an email was also sent to you about it from steven. did you not receive the package? or the email? if not, please get with brother steven asap on that.

i think that covers it. i am sitting here for few minutes more. plane delayed. i may have access to computer while there. but may not. going to little island. very remote. only place that would have me.

your brother,

jeff
561.445.6962 (my cell. i have it with me here and it is on)

p.s. on the jury thing. i may have made a boo boo on that one. i checked and we did not make jury demand. i have thought we did and client thinks so, too. i will still check with her on that one. if she insists on jury, we may need one. will keep you posted on that one. are you agreeable if she does?