```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

                                         CIVIL ACTION
                                         NO. 05-10088-MBB
JULIANNE MARIE EVANS
     Plaintiff,

VS.

NANTUCKET COMMUNITY SAILING, INC.,
RONAN O'SIOCHRU and DONNCHA KIELY
     Defendants.
```

### DEFENDANTS' MOTION TO DISQUALIFY NORMAN MANN, M.D. AS AN EXPERT WITNESS AND REQUEST FOR SANCTIONS

Now come the defendants, Nantucket Community Sailing, Inc., Ronan O'Siochru and Donncha Kiely, in the above captioned action, by and through their undersigned counsel and respectfully move this Honorable Court to disqualify Norman Mann, M.D. from participating in this action as an expert witness pursuant to the provisions of Fed.R.Civ.P. 26. The defendants also seek sanctions against the plaintiff's counsel pursuant to the provisions of Fed.R.Civ.P. 37.

As grounds in support of this motion, the defendants submit the following.

### BACKGROUND

After receiving a claim that the plaintiff had lost her taste and smell as a result of the underlying incident in this action, defense counsel engaged Norman Mann, M.D. as the

defendants' medical expert to examine the plaintiff and determine the nature, extent, and cause of her alleged loss of taste and smell.[1]  Dr. Mann was formally retained in May 2004.  Thereafter, an agreement was reached with plaintiff's counsel to produce his client for a medical examination, which was conducted before the commencement of this action.[2]

Before the plaintiff's medical examination, defense counsel attended a meeting with Dr. Mann in Farmington, Connecticut on September 22, 2004.  At that meeting, Dr. Mann explained the nature of the proposed examination, the extent of the subjective/objective findings, and responded to counsel's inquiry about the scientific certainty of his methodology and areas which may be addressed in cross-examination at trial.  During the one [1] hour meeting with Dr. Mann, defense counsel provided his trial strategy and substantive concerns of the plaintiff's claim.  Dr. Mann advised that he testified on several occasions for both plaintiffs and defendants.  He explained that he was experienced in both State and Federal Courts and was qualified as an expert in this field.

---

[1] Dr. Mann is the Director of the Chemosensory Clinic at the University of Connecticut Health Center in Farmington, Connecticut.  Dr. Mann's clinic is also known as the UCONN Taste and Smell Center, which is one of the prominent chemosensory clinics located in the United States.

[2] The plaintiff's examination was initially scheduled to be conducted on October 20, 2004.  The examination lasted for three [3] consecutive days.  The examination required that the plaintiff travel from Florida to the UCONN Taste and Smell Clinic in Farmington, Connecticut.

Dr. Mann and his colleagues examined the plaintiff at the UCONN Taste and Smell Clinic from October 27, 2004 through October 29, 2004. The defendant paid for all of the testing and services at the UCONN Taste and Smell Clinic, including reimbursing the plaintiff for incurred out of pocket and travel expenses.[3] At the conclusion of the examination, Dr. Mann authored three [3] reports concerning the examination. The reports disclosed his opinions concerning the plaintiff's medical complaints and condition. Copies of Dr. Mann's reports were subsequently provided to the plaintiff's counsel on April 1, 2005.[4]

On January 13, 2005, plaintiff's counsel filed a Complaint along with a Motion for Leave to Appear Pro Hac Vice with this Court. On January 28, 2005, this Honorable Court allowed the plaintiff's Motion for Leave to Appear Pro Hac Vice. On February 2, 2005, defense counsel filed a Notice of Appearance and Answer on behalf of the defendant, Nantucket Community Sailing, Inc., resulting in the joining of issues.

---

[3] A check in the amount of $1,383.95 was sent to the plaintiff's counsel on November 29, 2004.
[4] A copy of Dr. Mann's initial report, dated October 29, 2004, concerning the plaintiff's examination and related opinions was mailed to the plaintiff's counsel on December 20, 2004. Copies of Dr. Mann's subsequent reports, dated November 10, 2004 and November 12, 2004, concerning his opinions and medical records review were produced to the plaintiff's counsel in defendant's Automatic Disclosure on April 1, 2005.

At the last Status Conference, conducted on November 4, 2005, it was proposed by the parties and approved by this Honorable Court that the defendant would obtained the plaintiff's deposition in December 2005 and that the plaintiff would obtain Dr. Mann's expert deposition in January 2006. The Court also scheduled a Status Conference for February 1, 2006.

The parties continued with discovery and the plaintiff's deposition was obtained on December 8, 2005. During that deposition, it was learned that the plaintiff had collected various CT Scans, MRI's, X-rays and other films of her treatment at various facilities from the time of the incident to the present. Defense counsel requested that the plaintiff produce the films as soon as possible. Defense counsel intended to provide the films to Dr. Mann for his review and evaluation since they were not disclosed and considered during the plaintiff's examination on October 27 through October 29, 2004.[5]

Following the plaintiff's deposition, plaintiff's counsel inquired about obtaining Dr. Mann's deposition. Defense counsel suggested that plaintiff's counsel contact Dr. Mann's staff and obtain dates that were available and revert back for a mutually convenient time. During the

---

[5] Dr. Mann requested that the plaintiff produce the films following his examination.

early part of January 2006, the parties were unable to schedule Dr. Mann's deposition because it was learned that he would be vacationing in Florida in January and February 2006.

On December 28, 2005, a Notice of Video Deposition of Dr. Mann to be conducted at his rental home in Boca Raton, Florida on Saturday, January 21, 2006 was received from plaintiff's counsel without any further consultation with defense counsel. The deposition conflicted with defense counsel's preparation for trial in another matter, which was scheduled to commence on Monday, January 23, 2006. Accordingly, defense counsel filed a Motion for a Protective Order, which was heard by the Court on January 17, 2006, and subsequently granted.

During the Motion for a Protective Order hearing, it was brought to the Court's attention that plaintiff's counsel contacted Dr. Mann in Florida without the knowledge or consent of the defendants or their counsel. The plaintiff's Opposition to the Motion for a Protective Order states the following:

> "…we sent the 'recently obtained' records to Dr. Mann to review. We agreed to pay him for his time and for a supplemental report. It did not take him long to do it either. He told us he does not read films and relies on reports only, so he did not want to see them. Dr. Mann sent us his final supplemental reports yesterday (attached as Exhibit 'F".)"

Upon learning of plaintiff's counsel ex parte contact(s) with the defendants' expert witness, defense counsel moved for an extension of time to contact Dr. Mann and to investigate the extent of his contact and communications with plaintiff's counsel.  The Court granted the defendant's motion.

After attending the January 17th hearing, defense counsel met with Dr. Mann at his office in Farmington, Connecticut on February 9, 2006.  During the meeting, Dr. Mann reviewed his medical opinions and confirmed that he expresses an opinion in his supplemental report that he did not previously submit to defense counsel.  Dr. Mann also disclosed that the plaintiff's co-counsel, Attorney Steven Miller, initially left a telephone message for him on January 1, 2006.  Attorney Steven Miller then proceeded to call Dr. Mann on January 2nd and January 3rd and spoke with him at that time.  On January 5, 2006, Dr. Mann reviewed the plaintiff's case materials in anticipation of a personal visit from Attorney Steven Miller.  On January 6, 2006, Attorney Steven Miller visited Dr. Mann at his rental home in Boca Raton, Florida.  <u>The meeting lasted approximately two [2] hours</u>.  Dr. Mann discussed his examination of the plaintiff, responded to questions and reviewed his opinions.

<u>Dr. Mann stated that Attorney Steven Miller pressed him on the issue concerning the permanency of the plaintiff's alleged injuries</u>.

Dr. Mann also reported that he drafted his supplemental report, as requested by Attorney Steven Miller, after reviewing additional medical records provided by plaintiff's counsel.  Following this meeting, Dr. Mann spoke with plaintiff's counsel by telephone on January 12th and January 13th addressing the content of his supplemental report. Defense counsel was not aware that Attorney Steven Miller was contacting and meeting with Dr. Mann at any time during this time period.

After meeting with Dr. Mann and discovering the plaintiff's counsel's blatant violations of the Rules of Professional Responsibility and the Federal Rules of Civil Procedure, the defendants now seek relief to remove the inequitable and irreparable effects of the conduct by plaintiff's counsel.

**ARGUMENT**

The defendants seek an Order that requires that Norman Mann, M.D. be disqualified as an expert witness, be precluded from testifying at trial and that precludes the introduction into evidence of any findings, examination results and

opinions of Dr. Mann concerning the plaintiff's examination and testing at the UCONN Taste and Smell Clinic.  The defendants request that they be returned to the same position as if Dr. Mann had not examined the plaintiff.  In addition, the defendants are seeking recovery of any and all expenses that was incurred in retaining Dr. Mann as an expert witness, including all costs associated with researching expert witnesses in Dr. Mann's field, meetings with Dr. Mann, and conducting the plaintiff's examination in Connecticut.  The defendants are also seeking Leave of Court to retain a second medical expert who will be permitted to examine the plaintiff and to require the plaintiff to submit to the examination at plaintiff's cost and expense.

> Federal Rule of Civil Procedure 26(b)(3) states:
>
> Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Here, this Honorable Court scheduled Dr. Mann's deposition be conducted in January 2006. In attempting to comply with that Order, defense counsel reasonably assumed, pursuant to the Rules of Civil Procedure, that the deposition would be conducted at a time and place mutually acceptable to both parties. Since plaintiff's counsel offered to schedule Dr. Mann's deposition, defense counsel agreed to permit him to contact Dr. Mann's staff for the sole and limited purpose of obtaining mutually convenient dates.

While attempting to schedule the deposition, plaintiff's counsel expanded the scope of his authority and intentionally and improperly elicited further opinions and impressions from Dr. Mann. The defendants submit that Dr. Mann's ex parte disclosure of a new opinion and the manner in which plaintiff's counsel solicited it is a blatant violation of Federal Rule of Civil Procedure 26(b)(3). Plaintiff's counsel did not depose Dr. Mann. Plaintiff's counsel did not submit expert interrogatories for Dr. Mann's response. Plaintiff's counsel did not demonstrate a "showing of exceptional circumstances" under which it was impracticable for the plaintiff to obtain Dr. Mann's opinions.[6] In avoiding adherence to the Rules of Civil Procedure, the plaintiff's counsel ignored the requirements

---

[6] *See* Federal Rule of Civil Procedure 26(b)(4) *Trial Preparation: Experts.*

of Fed.R.Civ.P. 26(b)(3) and directly solicited information and his opinions without informing the Court or defense counsel in order to adversely compromise the defendant's medical expert's testimony and opinions.  It is undisputed that Dr. Mann proffered a newly formed opinion to the plaintiff's counsel after plaintiff's counsel's ex parte contact with him.  It is also undisputed that the defendant retained Dr. Mann as its expert witness in anticipation of litigation in May 2004.  It is also undisputed that defense counsel's work and instructions were disclosed to Dr. Mann during the September 22, 2004 meeting with defense counsel.

The Federal Courts possess the inherent power to disqualify experts under certain circumstances. ***Wang Laboratories, Inc. v. Toshiba Corp.***, 762 F. Supp. 1246, 1248 (E.D.Va. 1991).  If disqualification is based on an expert switching sides, a two-part test articulated in ***Paul v. Rawlings Sporting Goods Co.***, 123 F.R.D. 271 (S.D.Ohio 1988), is followed by a majority of courts, including Federal Courts in Massachusetts. ***In re Malden Mills Industries, Inc.*** 275 B.R. 670, 673, 39 Bankr.Ct.Dec. 115 *citing to* ***The City of Springfield v. Rexnord Corporation***, 111 F.Supp.2d 71, 74 (D.Mass.2000)   *See also,* ***Lacroix v. BIC Corp. 339 F.Supp2d 196*** (D.Mass. 2004)   Under the ***Paul*** standard, the Court must determine:

    1.    Whether it is objectively reasonable for the party seeking disqualification to believe a confidential relationship existed between that party and the expert, and if so

    2.    Whether the party seeking disqualification disclosed confidential information to the expert.

The confidential information that is passed must be "of either particular significance or [of a type] which can be readily identified as either attorney work product or within the scope of attorney-client privilege." *In re Malden Mills Industries, Inc.* at 673 *citing to* **Paul**, 123 F.R.D. at 279. Here, a confidential relationship existed between the defendants and Dr. Mann because defendants' counsel traveled to Farmington, Connecticut on September 22, 2004 to meet with him and retain him as an expert witness. During that meeting, defense counsel's instructions, views, mental impressions, testing issues and inquiries on the plaintiff's allegations concerning her loss of smell and taste were disclosed to Dr. Mann.

    It cannot be refuted that Dr. Mann disclosed defense counsel's work product to the plaintiff's counsel during his ex parte conversations and meeting with plaintiff's counsel. It is clear that after several contacts with plaintiff's counsel, Dr. Mann drafted and submitted a supplemental report to plaintiff's counsel containing a previously undisclosed opinion concerning prognosis as to the duration

of the plaintiff's injury.  Despite whether plaintiff's counsel knowingly or unknowingly acted in bad faith, the offering of Dr. Mann's new opinions as to the prognosis without the knowledge or consent of the defendant or its counsel clearly compromises and prejudices the defendants' medical defense of this matter.  Plaintiff's counsel's conduct was a blatant violation of the Federal Rules of Civil Procedure and his inexcusable conduct requires the disqualification of Dr. Mann as an expert witness.  Dr. Mann's testimony has been unfairly and prejudicially compromised by plaintiff's counsel undisputed violation of the Rules of Professional Responsibility and the Federal Rules of Civil Procedure.[7]

Accordingly, the defendants request an Order from this Honorable Court that Dr. Mann be disqualified as an expert witness, be precluded from testifying at trial and precluding the introduction into evidence of any findings, examination results and opinions of Dr. Mann concerning the plaintiff's examination and testing at the UCONN Taste and Smell Clinic.  In addition, pursuant to Federal Rule of Civil Procedure 37(4), the defendants also request sanctions

---

[7] MA Rules of Professional Responsibility - Rule 4.2:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

against plaintiff's counsel for the recovery of any and all expenses that the defendant incurred in retaining Dr. Mann as its expert witness, including all costs associated with researching expert witnesses in Dr. Mann's field, meetings with Dr. Mann, and conducting the plaintiff's examination in Connecticut.  The defendants are also seeking Leave of Court to retain a second medical expert who will be permitted to examine the plaintiff and to require the plaintiff to submit to the examination at plaintiff's cost and expense.

**WHEREFORE**, the defendants pray that this Honorable Court grant its Motion to Disqualify Norman Mann, M.D. as an expert witness and impose sanctions against plaintiff's counsels, as detailed herein.

The defendants also request reasonable attorney's fees and costs associated with this motion.

> Respectfully submitted by
> their attorneys,
>
> **DEFENDANT**
> **CLINTON & MUZYKA, P.C.,**
>
> "/s/ Thomas J. Muzyka"
> **Thomas J. Muzyka**
> **BBO NO. 365540**
> **Terence G. Kenneally**
> **BBO NO. 642124**
> One Washington Mall
> Suite 1400
> Boston, MA 02108
> 617-723-9165

14

**LOCAL RULE 7.1(A)(2) CERTIFICATE**

Boston, MA                                        February 24, 2006

    I, Terence G. Kenneally, hereby certify that I attempted to confer with plaintiff's counsel concerning the resolution of the circumstances surrounding plaintiff's counsel's ex parte contact with Norman Mann, M.D. as detailed herein. I telephoned plaintiff's counsel, Jeffery Miller, but was unable to connect directly with him. When plaintiff's counsel could not be reached by telephone, this Motion was filed with this Honorable Court.

                                          "/s/ Terence G. Kenneally"
                                          Terence G. Kenneally