UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JULIANNE MARIE EVANS,                    CIVIL ACTION
                                         CASE NO. 05-10088 MBB
        Plaintiff,

vs.

NANTUCKET COMMUNITY
SAILING, INC., a Massachusetts corporation,
RONAN O'SIOCHRU and DONNCHA
KIELY,

        Defendants.

### Plaintiff's Motion To Allow Dr. Mann to Testify By Phone or For other Relief Related to Defendants' Motions to Disqualify

Plaintiff moves this Court, by and through her undersigned counsel, to allow Dr. Mann to testify by phone pursuant to Rule 43 (a), Fed.R.Civ.P., at the March 15, 2006 hearing on defendants' Motions to Disqualify Counsel[1] and Dr. Mann, or, in the alternative: to enter an order permitting counsel for the plaintiff to contact Dr. Mann to obtain an affidavit to serve as his testimony pursuant to Rule 43, and/or to issue a subpoena compelling his presence at a hearing before this Court at a time convenient for him and others concerned, and/or to reschedule the hearing on the defendants' Motions to

---

[1] Attorneys Steven and Jeffrey Miller.

Disqualify to allow sufficient time within which to obtain Dr. Mann's testimony by either deposition or by attendance at the hearing in Boston[2].

As grounds therefore, the Plaintiff states that Dr. Mann's testimony concerning his relationship or lack thereof with the defendants, their insurer and their counsel is essential to the defense of the above Motions, because, inter alia: (1) Dr. Mann, along with a team of medical professionals, performed an IME on the Plaintiff several months prior to her filing suit in this Court[3], evaluated and treated the Plaintiff, giving her a prescription to address certain symptoms, (2) his opinion, as expressed in three reports, was that the plaintiff suffered from irreparable loss of smell and taste; (3) Dr. Mann has at all times been considered a testifying expert in this case, (4) his deposition, which this Court ordered to take place in January, 2006, following the completed deposition of the Plaintiff, was unjustifiably delayed by the defendants, and (5) at this deposition, all information concerning confidential information, if any, disclosed to Dr. Mann by defense counsel would have been the subject of examination, and would have to be disclosed. See e.g. Suskind v. Home Depot Corporation, 2001 WL 92183 (D. Mass. 2001).[4]

Additional Relevant Facts

In July, 2002 plaintiff was injured in a boat accident in Nantucket (Jettie's Beach). She got hit in the back of her head and knocked unconscious due to the negligent conduct of defendants O'Siouchru and Kiely, both employees of the defendant Nantucket

---

[2] A formal response to the motions to disqualify is being prepared and will be filed in advance of the hearing.
[3] Evidence will show that Plaintiff's counsel engaged St. Paul's adjuster, Joshua Kaufman, in a settlement dialogue in March, 2004, before Clinton & Muzyka were involved in the defending the claim. It was the adjuster who suggested the UCONN objective testing as a way to find out, for sure, about plaintiff's loss of taste and smell.
[4] Further expected testimony of Dr. Mann is set forth in the discussion section of this Motion, infra.

2

Community Sailing, Inc. ("Nantucket"). Nantucket was insured by St. Paul, which issued a $1 million liability insurance policy covering such accidents.

St. Paul investigated the accident and Ms. Evans and her lawyers, present counsel, cooperated at all times. She answered St. Paul's questions, provided medical records, HIPPA forms and ultimately even her tax returns, even though no claim for lost wages was made.

In June, 2003, St. Paul requested an Independent Medical Examination (IME) to ascertain the nature and extent of Ms. Evans' injuries to take place in Ft. Lauderdale, Florida by Dr. Paul Flaten. His opinion was that as a result of the accident she "sustained a cerebral contusion injury with disruption of the filaments of her olfactory nerves and thereby shearing the nerve filaments causing her the loss of smell and taste." He made other findings about her soft tissue injuries and concluded that "[p]rognosis should be one of full recovery [as to the soft tissue injuries], except for her loss of smell and taste."

On May 28, 2004, St. Paul's lawyer wrote Steven Miller requesting a second IME because St. Paul was concerned "about the nature, extent, and cause of your client's claim for loss of taste." He referred the Plaintiff to a team of physicians, including Dr. Mann, at the University of Connecticut.

Ms. Evans was examined by Dr. Mann and other members of his team at UCONN for 3 days from between October 27 – 29, 2004. One of the doctors on the team prescribed Ms. Evans medication to ease some discomfort she had related to her sinuses. Dr. Mann signed 3 separate reports dated October 29, November 10 and November 12, 2004. His opinion was that Ms. Evans sustained the permanent loss of her senses of taste

3

and smell caused by her getting hit in the head during the July 2002 Nantucket boat accident.[5]

St. Paul would not negotiate and did not make any offer to settle, so this lawsuit was filed in January, 2005.

As this Court noted at the Status Hearing on November 4, 2005, there is really no question as to liability.[6] The only issue is damages for Plaintiff's loss of taste and smell. Plaintiff has repeatedly stated that she intends to rely on her testimony as well as Dr. Mann's opinion from 2004.[7] The defendants have never objected, knowing full well plaintiff's intentions. Thus, the testimony of Dr. Mann, perhaps the preeminent physician in the field of taste and smell, is critical to the Plaintiff's case.

As stated, the deposition of Dr. Mann has not yet taken place because of intervening events, including the filing of a Motion for Protective Order and the Motions to Disqualify, which are the subject of the instant Motion.

<u>Necessity of Dr. Mann's testimony to Plaintiff's Defense
of the Motions To Disqualify</u>

---

[5] From Dr. Mann's report dated October 29, 2004: "Final impression: One; anosmia involving the right side. Hyposmia involving the left side. Two, hypogeusia. Both one and two findings are no doubt due to the head injury that the patient sustained" in the accident.

[6] Mr. Muzyka, at the November 4 status conference conceded the point, although not as a formal stipulation, on questioning from Magistrate Judge Bowler.

[7] Plaintiff filed a status report in advance of the November 4 status conference to advise the court, and defendants, that the matter was ready to be set for trial, Ms. Evans was available to be deposed in Boston presently and that she was going to be relying on Dr. Mann's opinion as proof at trial to prove the only injury she was seeking compensation for ("plaintiff's claim is limited to damages for the permanent and irreversible loss of her sense of taste and smell"). Plaintiff made it clear that she only intended on calling 2 witnesses at trial: herself and Dr. Mann (by deposition intended to perpetuate his testimony). Plaintiff also advised that if liability was going to be an issue that she had 2 taped statements of the Irish employee-defendants which would establish that the accident occurred while the two were, in effect, horsing around. At the status conference, plaintiff's counsel again made it very clear that his only trial witnesses were going to be plaintiff and Dr. Mann and that her claim was limited to her loss of taste and smell. <u>At no time has there been any objection from the defendants to Plainitff's proposed use of Dr. Mann of his testimony on her behalf.</u>

4

Plaintiff and her attorneys are under attack and the defendants want this court to not only disqualify the prime witness who will establish her permanent injury and relate it to the July 5, 2002 Nantucket boat accident, but her lawyers, who have represented her since considerably before the pending suit was filed, as well.

Although the Plaintiff contends neither the facts nor the law warrant a finding of any misconduct by either Dr. Mann or plaintiff's attorneys, or their disqualification, the severity of the proposed sanction necessitates that the Plaintiff obtain the testimony of the IME physician who is accused of having divulged confidential information to the Plaintiff's lawyers. This court has scheduled, on somewhat short notice, a hearing on the motions, which hearing necessarily will involve the taking of evidence, as the motions are fact driven.[8] The facts, if Plaintiff is allowed to present them at the Hearing on the Motions to Disqualify through witnesses including Dr. Mann, will show that:

- Dr. Mann was never a member of the "defense team"; rather, he was an academic hired to render an <u>independent</u> medical opinion, based on objective test protocols he developed.

- Dr. Mann was at all time a testifying, not a consulting expert.

- Dr. Mann was not represented by any counsel in this matter;

- Dr. Mann was never provided any confidential or privileged information by St. Paul or its attorneys at any time; both as a matter of fact and as a matter of law.[9]

- Dr. Mann never agreed to keep anything he learned from St. Paul's lawyers confidential.

- Dr. Mann did not switch sides.

---

[8] Plaintiff will argue that the motions are insufficient on their face and should be denied without the taking of any evidence. However, and out of an abundance of caution, she and her attorneys must prepare for an evidentiary hearing.

[9] Nothing a lawyer tells to a testifying expert witness, regardless of its character, is confidential and it is all subject to disclosure to opposing counsel. see Suskind v. Home Depot Corporation, 2001 WL 92183 (D. Mass. 2001).

- Dr. Mann, after meeting with Steven Miller did not change his opinion or render a new opinion; rather, as his January 7, 2006 supplemental report stated, his **"impression remains the same as originally stated"**. Any suggestion to the contrary is false.

- Steven Miller never asked Dr. Mann about anything confidential he may have received from St. Paul or its lawyers.

- Dr. Mann did not pass on any confidential defense secrets to Steven Miller, as a matter of fact.

- Since Dr. Mann had no confidential or privileged information from St. Paul or its lawyers, he could not and did not pass any on to Steven Miller, as a matter of law.

Time is short to prepare a response to the motions and to prepare for this critical hearing. Plaintiff wants to go forward on the 15th, although, as demonstrated, Dr. Mann's testimony is needed to propound an adequate defense. Because of the nature of the pending motions, Plaintiff's counsel has not contacted Dr. Mann, who is quite elderly, and becomes very anxious over setting his own schedule, to determine his availability to testify in person or by telephone[10] or to secure an affidavit or deposition. Therefore, the Plaintiff requests that this Court enter an order:

1) allow Dr. Mann to testify by telephone from wherever he is on the 15th or at some other time convenient for Dr. Mann the parties and the Court;

2) authorize the Plaintiff to contact Dr. Mann to determine his schedule, obtain an affidavit or serve him with a subpoena to testify in person or by deposition, preferably for the 15th, but for some other date if he is unavailable on that date,

3) delaying the date for the hearing on these Motions pending the availability of Dr. Mann to testify either in person or by way of deposition, or for whatever relief the Court deems proper.

---

[10] He spends half time in Connecticut and the other half in Boca Raton, FL.

6

That way, the court will have the benefit of Dr. Mann's testimony, so critical to the factual determinations that must be made to rule on the motions, should they not be denied first, as a matter of law, as plaintiff will argue in its response.

This certainly is the type of compelling circumstance and good cause contemplated by Rule 43 (a), Fed.R.Civ.P. which states that "[t]he court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location."

Local Rule 7.1 Certificate

Jeffrey Miller conferred with Mr. Muzyka in a good faith effort to resolve or narrow the issues in this motion. Mr. Muzyka's response was: "the defendant does not assent and/or agree to have Dr. Mann participate in any hearing before the Court concerning the motions filed on Friday, February 24, 2006."

Respectfully submitted by her Attorneys,

/s/ Marielise Kelly
Marielise Kelly, Esq,
B.B.O. #559595
Gargiulo / Rudnick, LLP
66 Long Wharf
Boston, MA 02110
(617) 742-3833 (tel.)
(617) 523-7834 (fax)

/s/ Constance L. Rudnick (mlk)
Constance L. Rudnick, Esq.
B.B.O # 433500
Gargiulo / Rudnick, LLP
66 Long Wharf

Boston, MA 02110
(617) 742-3833 (tel.)
(617) 523-7834 (fax)


/s/ Richard A. Gargiulo (mlk)
Richard A. Gargiulo, Esq.
B.B.O. # 563971
Gargiulo / Rudnick, LLP
66 Long Wharf
Boston, MA 02110
(617) 742-3833 (tel.)
(617) 523-7834 (fax)


/s/ Steven Miller (mlk)
Steven D. Miller, Esq.
817 S. University Drive, Suite 122
Plantation, Florida 33324
Tel. (954) 472-0776
Fax. (954) 472-0875
Florida Bar No. 508187
Massachusetts Bar No. 560862

/s/ Jeffrey A. Miller (mlk)
Jeffrey A. Miller, Esq.
2424 North Federal Highway,
Suite 314
Boca Raton, FL 33431
Tel. (561) 392-4300
Fax (561) 347-7588
Florida Bar No. 308358

<u>CERTIFICATE OF SERVICE</u>

I, Marielise Kelly, hereby certify that this **Motion To Allow Dr. Mann to Testify By Phone or For other Relief Related to Defendants' Motions to Disqualify** was served on the following persons on this date and in the manner specified herein:

Electronically Served Through ECF:

Thomas J. Muzyka, Esq.


<u>March 8, 2006</u>                                                         <u>/s/ Marielise Kelly</u>
DATE                                                                    SIGNATURE