UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10088-MBB

**JULIANNE MARIE EVANS**
    **Plaintiff,**

**VS.**

**NANTUCKET COMMUNITY SAILING, INC.,
RONAN O'SIOCHRU and DONNCHA KIELY,**
    **Defendants.**

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW DR. MANN TO TESTIFY BY PHONE OR FOR OTHER RELIEF

Now come the defendants, Nantucket Community Sailing, Inc., Ronan O'Siochru, and Donncha Kiely, in the above captioned action, by and through their undersigned counsel and respectfully move this Honorable Court to deny plaintiff's Motion to Allow Dr. Mann to Testify by Phone or For Other Relief and hear the matters set forth in defendants' *Motion to Disqualify Plaintiff's Counsel* and *Motion to Disqualify Norman Mann, M.D., as an Expert Witness* on the papers previously submitted.

As grounds in support of this Opposition, the defendants submit the following.

## BACKGROUND

A review of plaintiff's Response to defendant's Motion for Protective Order, filed on January 13, 2006, provides a sufficient evidentiary basis for this Honorable Court to review the defendants' pending Motions to Disqualify Plaintiff's Counsel and Dr. Mann as an expert witness. On page 5 of the plaintiff's Response, plaintiff's counsel submits that the plaintiff:

> "wanted to complete the Dr. Mann exercise before the upcoming status conference so that we could announce ready knowing that all loose ends had been tied. So <u>*we sent the "recently obtained" records to Dr. Mann to review. We agreed to pay him for his time*</u> and <u>*for a supplemental report*</u>. … Dr. Mann sent us his final supplemental report yesterday[1] (attached as Exhibit 'F')." [Italics and underscoring our emphasis]

On page 6 of the plaintiff's Response, plaintiff's counsel further submits that:

> "… there really is no need to go to the time and expense to depose him [Dr. Mann]. <u>*He was hired by the defendants and they disclosed him as a trial witness.*</u> His report should be all that is needed on the medical issue …." [Italics and underscoring our emphasis]

The fact that the plaintiff's Response to defendant's Motion for Protective Order contains the above referenced excerpts

---

[1] Since the plaintiff's Response was filed on January 13, 2006, the defendants and their counsel presume that the plaintiff's counsel received Dr. Mann's supplemental report on January 12, 2006. It should be noted that Dr. Mann's report is dated January 7, 2006, five [5] days before the plaintiff filed its Response.

is undisputed. It is clear from the plaintiff's previous representations in Court and by her filed pleadings that _plaintiff's counsel knew_ that Dr. Mann was the defendants' retained medical expert. *See Plaintiff's Status Report [Document 27] filed in Court on November 4, 2005.*

On February 9, 2006, defense counsel met with Dr. Mann concerning the plaintiff's counsel's ex-parte contact with him and inquired about the extent of the plaintiff's counsel's blatant and inexcusable misconduct. During the February 9, 2006 meeting, Dr. Mann reviewed his medical opinions and confirmed that he expressed an opinion in his supplemental report, dated January 7, 2006, that was not contained in the previously submitted reports to defense counsel. A review of Dr. Mann's supplemental report supports the defendants' contention that it contains a previously undisclosed opinion concerning prognosis as to the duration of the plaintiff's injury.

_The defendants submit that the actions and misconduct to be reviewed is not that of Dr. Mann, but the actions and conduct of plaintiff's counsel._ Dr. Mann can not explain the motives and purpose for plaintiff's counsel's actions and his testimony is still another attempt by plaintiff's counsel to adduce testimony improperly and prejudicial to

the defendants interests.[2]  To allow plaintiff's request to adduce testimony from Dr. Mann will only further exacerbate the irreparable harm to the defendants' medical defense in this matter which was caused solely by the plaintiff's counsel's inexcusable misconduct.

### ARGUMENT

The defendants submit that the actions and misconduct to be reviewed is not that of Dr. Mann, but the actions and conduct of plaintiff's counsel.

In support of their Motions to Disqualify Plaintiff's Counsel and Dr. Mann as an expert witness, the defendants rely upon plaintiff's counsel's (1) undisputable admission to this Honorable Court that plaintiff's counsel contacted Dr. Mann, (2) submitted medical records and films for his review, and (3) obtained a written report from him which contains previously undisclosed, but now, a relevant opinion.  The defendants also rely on the undisputed fact that plaintiff's counsel acted with full knowledge that Dr. Mann was retained by defense counsel to examine the plaintiff in preparation and in anticipation of providing defense testimony against her alleged medical claims.

In specific response to ***Bullet points 1 through 3*** on page 5 of plaintiff's motion, the admissions in the previous

---

[2] *This is a non-jury trial with the ultimate finder of fact being this Honorable Court.*

pleadings refute the plaintiff's present argument that Dr. Mann was never on the defense team, not a consulting expert, nor represented by counsel.  In plaintiff's Status Report of November 4, 2005, plaintiff's counsel characterizes Dr. Mann's status by reference as:  ". . . which diagnosis has been established by *defendants' own expert, Dr. Norman Mann* . . ."  Plaintiff's counsel's own voluntary admission refutes the allegations in these bullet points.  There is no need for any testimony from Dr. Mann to explain this fact.

In specific response to ***Bullet points 6 and 7*** on pages 5 and 6 of plaintiff's motion, Dr. Mann's Supplemental Report dated January 7, 2006 contains a *new opinion* which does not appear in any previous report.  The fact that plaintiff's counsel requested a supplementary report and obtained one addressing a new area of opinion evidences the influence exerted by plaintiff's counsel.  A reading of the reports clearly evidences this new opinion.  There is no need for any testimony from Dr. Mann.  The documents speak for themselves.

In specific response to ***Bullet points 8 and 9*** on pages 5 and 6 of plaintiff's motion, Attorney Steven Miller met with Dr. Mann for two hours on January 6, 2006 discussing the medical records and his opinions.  This contact and conversation clearly revealed Dr. Mann's personality, his

opinions, possibly the degree of his certainty, his ability to testify and support his positions, and his demeanor. As stated in the present motion, "Dr. Mann, who is quite elderly, and becomes very anxious . . ." indicates that a lot more was learned from the meeting other than "anything confidential" or "any confidential defense secrets". Plaintiff's counsel knew that defense counsel intended to meet with Dr. Mann before and for the purpose of preparing him for his deposition.  This preemptive contact was clearly intended to influence the expert's opinions, limit his effectiveness, and to obtain an unfair advantage in the up coming deposition.

In specific response to **Bullet points 4, 5, and 10** on pages 5 and 6 of plaintiff's motion, it is the defendants' position that the disclosure of core work product to a testifying expert does not abrogate the protection accorded such information and such information is not discoverable. ***Nexxus Products Co. v. CVS New York, Inc.***, 188 F.R.D. 7, 8-9 (D. Mass. 1999) *citing to* ***Haworth, Inc. v. Herman Miller, Inc.***, 162 F.R.D. 289, 294-95 (W.D.Mich.1995).[3] Should this Court find this authority controlling, then there is no need for any inquiry with Dr. Mann as any testimony will be

---

[3] Rule 26(a)(2) should not be construed as vitiating the attorney work product privilege, and the laudable policies behind it, in the absence of clear and unambiguous authority under the Federal Rules of Civil Procedure.  ***Haworth, Inc.*** at 294-95 (W.D.Mich.1995).

limited to the issues already addressed and discussed herein.

In respect to the timing and other issues raised in plaintiff's motion, any further evidence concerning the plaintiff's counsel's contact and interaction with Dr. Mann should properly be offered directly by the plaintiff's counsel at the forthcoming Status Conference on March 15, 2006.  The defendants submit that any testimony offered by Dr. Mann can offer little information, if any, concerning the reasons behind the plaintiff's counsel's egregious actions.

Federal Rules of Civil Procedure Rule 43(e) states:

**Evidence on Motions.** When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition.

Caselaw in the First Circuit supports the contention that an evidentiary hearing is not an indispensable requirement when "evidence already in the district court's possession" enabled it to reach reasoned conclusions.  See **Aoude v. Mobil Oil Corp.**, 862 F.2d 890, 894 (1st Cir. 1988) citing *to* **Syntex Ophthalmics, Inc. v. Tsuetaki**, 701 F.2d 677, 682 (7th Cir.1983).[4]

---

[4] *See also* U.S. First Circuit of Appeals companion decision in Aoude v. Mobil Oil Corp. 892 F.2d 1115, 1120 (1st Cir. 1989) that analyzes District Courts discretionary power to conduct evidentiary hearings.

The First Circuit has also supported the position that evidentiary hearing(s) are not essential where parties were afforded ample opportunity to make written submissions. *See* ***Town of Burlington v. Department of Education***, 655 F.2d 428, 433 (1st Cir.1981). The defendants submit that the plaintiff's counsel received a copy of the defendants' Motions to Disqualify Plaintiff's Counsel and Dr. Mann as an expert witness on February 24, 2006. The Status Conference and hearing on the Motions are scheduled for March 15, 2006. Accordingly, the plaintiff's counsel has been afforded nineteen [19] days to submit plaintiff's written opposition to the defendants' pending motions.

As Local Rule 7.1(B)(2) requires, an opposition to any motion must be filed within fourteen (14) days after service of the motion. The defendants submit that the plaintiff's counsel has been provided ample time and opportunity to submit Oppositions to the pending Motions. A continuance or additional proceedings after the Status Conference and hearing on March 15, 2006 concerning the issues raised in the defendants' Motions will only further delay the resolution of the dispute between the parties. Accordingly, the defendants submit that this Honorable Court should require that all of the plaintiff's attorneys appear at the Status Conference.

It is undisputed that Attorney Steven Miller contacted and improperly met with Dr. Mann without advising defense counsel or this Honorable Court.  It is also undisputed that Attorney Steven Miller and Attorney Jeffrey Miller were fully aware that Dr. Mann was engaged by defense counsel as a medical expert to testify at trial.  These actions are the subject inquiry and not any testimony Dr. Mann can offer surrounding these events.

**WHEREFORE**, the defendants pray that this Honorable Court deny plaintiff's Motion to Allow Dr. Mann to Testify by Phone or For Other Relief.

Respectfully submitted by
their attorneys,

**DEFENDANTS**
**CLINTON & MUZYKA, P.C.,**

"/s/ Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO. 365540**
**Terence G. Kenneally**
**BBO NO. 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
617-723-9165

Dated: March 13, 2006