UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 05-10088 MBB

JULIANNE MARIE EVANS,            *
                                 *
              Plaintiff,         *
                                 *
                                 *
vs.                              *
                                 *
                                 *
NANTUCKET COMMUNITY              *
SAILING, INC., a Massachusetts   *
Corporation, RONAN O'SIOCHRU     *
and DONNCHA KIELY,               *
                                 *
              Defendants.        *

**PLAINTIFF'S MOTION TO CLARIFY COURT ORDER OF
MARCH 16, 2006 TO ESTABLISH THAT DEFENDANTS'
<u>COSTS MUST BE PAID BY PLAINTIFF'S PRIOR COUNSEL</u>**

Now comes the plaintiff and moves that the court enter an order clarifying its order of March 16, 2006 to establish that defendants' costs awarded pursuant to that order must be paid by plaintiff's prior counsel. The plaintiff further requests that the court's order of clarification indicate that plaintiff's prior counsel should not be reimbursed for these costs by the plaintiff. As grounds therefor, plaintiff states that these costs were occasioned solely by the actions of plaintiff's prior counsel and not by the plaintiff. The factual basis for plaintiff's motion to clarify is set forth herein. Plaintiff submits with her motion a memorandum in support which is filed herewith.

1.   At all times pertinent hereto, the plaintiff was represented by Attorneys Stephen
     D. Miller, Jeffrey A. Miller and Michael P. Ascher. To the best of plaintiff's

knowledge, Mr. Ascher was not involved in any of the actions to be discussed herein and this motion does not seek payment of costs by Mr. Ascher.

2. The factual scenario leading up to the court's order of March 16, 2006 is well known to the court and will not be set forth in detail herein. Very briefly, Attorney Stephen D. Miller engaged in improper communications with Norman Mann, M.D. resulting in defendants filing motions to disqualify Dr. Mann as an expert witness and to disqualify plaintiff's counsel from further representation of the plaintiff.

3. In defendants' motion to disqualify Dr. Mann, which was ultimately allowed by the court, defendants stated the following:

> Accordingly, the defendants request an Order from this Honorable Court that Dr. Mann be disqualified as an expert witness, be precluded from testifying at trial and precluding the introduction into evidence of any findings, examination results and opinions of Dr. Mann concerning the plaintiff's examination and testing at the UCONN Taste and Smell Clinic. In addition, pursuant to Federal Rule of Civil Procedure 37(4) [sic], <u>the defendants also request sanctions against plaintiff's counsel for the recovery of any and all expenses that the defendant incurred in retaining Dr. Mann as its expert witness,</u> including all costs associated with researching expert witnesses in Dr. Mann's field, meetings with Dr. Mann, and conducting the plaintiff's examination in Connecticut. (Defendant's Memorandum at 12-13)(emphasis added).

4. In the court's order of March 16, 2006, the court granted defendant's motion to disqualify Dr. Mann, "including the request (Docket Entry #35, p. 13) for payment of expenses incurred by defendants in retaining the expert." The court also indicated that "[i]nasmuch as plaintiff will make defendants whole by paying

      the costs incurred to date in retaining Dr. Mann, defendants' request for payment of future expenses to retain a new expert is DENIED."

5. Even though the court specifically referred to Page 13 of the defendants' motion in awarding expenses and even though the defendants requested that the expenses be paid by <u>plaintiff's counsel</u>, Mr. Miller has taken the position that these expenses should be paid by the plaintiff. Accordingly, in accordance with the court's request to attempt to resolve this issue, plaintiff's present counsel wrote to Mr. Miller on April 28, 2006 requesting any support for his position that these expenses should be paid by the plaintiff (See Exhibit "A" hereto).

6. In his response dated May 4, 2006, Mr. Miller failed to provide any such support. (See Exhibit "B" hereto). In a second correspondence dated May 8, 2006, Mr. Miller cited solely the provisions of a fee agreement signed by Ms. Evans. (See Exhibit "C"). The fee agreement is attached as Exhibit "D". Of course, whatever the contractual rights of the parties may be, they would not be binding on a court ordering the payment of costs as a sanction.

7. As is set forth in the memorandum filed herewith, it is patently obvious that the incidents that resulted in the court's award of costs to the defendants was based on the actions of plaintiff's counsel and not the plaintiff. Accordingly, the plaintiff requests that the court clarify its order of March 16, 2006 to establish that plaintiff's prior counsel, Stephen D. Miller and/or Jeffrey A. Miller pay the defendants' costs. The plaintiff further requests that the order of clarification also indicate that these costs are not to be reimbursed by the plaintiff.

        Respectfully submitted,

        __s/Alan L. Cantor  
        Edward M. Swartz  
        BBO #489540  
        Alan L. Cantor  
        BBO #072360  
        David P. Angueira  
        BBO #019610  
        Swartz & Swartz  
        10 Marshall Street  
        Boston, MA 02108  
        617-742-1900

## **CERTIFICATE OF SERVICE**

I, Alan L. Cantor, Esq. do hereby certify that the foregoing document was served on the following counsel on this date and in the manner specified herein:

Electronically Serviced Through ECF:

| | |
|---|---|
| Steven D. Miller, Esq.<br>817 S. University Drive, Suite 122<br>Plantation, FL 33324 | Richard A. Gargiulo, Esq.<br>Gargiulo, Rudnick & Gargiulo<br>66 Long Wharf<br>Boston, MA 02110 |
| Jeffrey A. Miller, Esq.<br>2424 North Federal Highway, Suite 314<br>Boca Raton, FL 33431 | Thomas J. Muzyka, Esq.<br>Clinton & Muzyka, P.C.<br>One Washington Mall, Suite 1400<br>Boston, MA 02108 |

This 9th day of May, 2006.

        __s/Alan L. Cantor  
        Alan L. Cantor

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that I have conferred with plaintiff's prior counsel, Stephen D. Miller, Esq. in an attempt in good faith to resolve or narrow the issue presented in this motion.

        __s/Alan L. Cantor  
        Alan L. Cantor



**Swartz & Swartz**
ATTORNEYS AT LAW

*The John & Ebenezer Hancock House on The Freedom Trail*
NUMBER TEN MARSHALL ST., BOSTON, MASSACHUSETTS 02108
617-742-1900  ·  FAX · 617-367-7193
acantor@swartzlaw.com

April 28, 2006

Steven D. Miller, Esq.
817 S. University Dr., Suite 122
Plantation, FL 33324

RE:  Evans v. Nantucket Community Sailing, Inc.

Dear Mr. Miller:

    Thank you for forwarding a copy of the above file. I did not receive copies of any emails relating to the case. If there are any such materials, please forward copies at your earliest convenience.

    I am writing with respect to the court's request to counsel to attempt to resolve the issue pertaining to the payment of expenses ordered by the court on March 16, 2006. Based on my review of the file, it would appear that these expenses resulted solely from your unfortunate decision to communicate directly on substantive matters with an expert retained by opposing counsel. This action on your part resulted in Dr. Mann's disqualification, the plaintiff's loss of ability to use highly favorable evidence and the need for plaintiff to spend time and money to retain and be examined by a new medical expert. It irretrievably prejudiced the plaintiff's case.

    Under these circumstances, we believe there is no basis in law or equity which would hold Ms. Evans responsible for these expenses. They should be paid by your office.

    If you disagree with Ms. Evans' position on this matter, kindly provide me with the factual and legal basis for your position. If we are unable to reach agreement on this matter, it would be our intention to file appropriate documents with the court to request that the court decide the issue.

Very truly yours,

*Alan L. Cantor*

Alan L. Cantor

ALC:krg
Via telefax and mail: 954-472-0875

EXHIBIT "A"

LAW OFFICE
# STEVEN D. MILLER, P.A.
SUITE 122
817 SOUTH UNIVERSITY DRIVE
PLANTATION, FLORIDA 33324
TELEPHONE (954) 472-0776

STEVEN D. MILLER
ADMITTED MASSACHUSETTS BAR

FAX (954) 472-0875
E-MAIL: SDM1059@AOL.COM

May 4, 2006

Alan Cantor, Esq.
Swartz & Swartz
Number Ten Marshall Street
Boston, Massachusetts 02108

via Email: acantor@swartzlaw.com

RE: Evans v. Nantucket Community Sailing, et al.

Dear Mr. Cantor:

    The emails between Julianne, my former client, and myself are privileged. In order to release them, Julianne will need to waive the attorney/client privilege in writing. As you may recall from the recent status conference, Judge Bowler did not want me to discuss privileged communications with Julianne regarding the Dr. Mann issue.

    Dr. Mann's disqualification did not irretrievably prejudice Julianne's case as you well know. Furthermore, she waived her right to appeal the order. Please provide the legal basis for your position that Julianne is not responsible for the costs associated with prosecuting her case.

Very truly yours,

/s/ "Steven D. Miller"

Steven D. Miller

EXHIBIT "B"

LAW OFFICE
## STEVEN D. MILLER, P.A.
SUITE 122
817 SOUTH UNIVERSITY DRIVE
PLANTATION, FLORIDA 33324
TELEPHONE (954) 472-0776

STEVEN D. MILLER
ADMITTED MASSACHUSETTS BAR

FAX (954) 472-0875
E-MAIL: SDM1059@AOL.COM

May 8, 2006

Alan Cantor, Esq.
Swartz & Swartz
Number Ten Marshall Street
Boston, Massachusetts 02108

via Email: acantor@swartzlaw.com

RE: Evans v. Nantucket Community Sailing, et al.

Dear Mr. Cantor:

    I received your email. Under the terms of the retainer agreement previously sent (Bates stamped 611, 612), Julianne is responsible for "all expenses incurred ...."

    I also received Julianne's email regarding her waiver of the privilege to you and your firm. Please have her enlarge the waiver of the privilege to include the court.

Very truly yours,

/s/ "Steven D. Miller"

Steven D. Miller

EXHIBIT "C"



## AUTHORITY TO REPRESENT

I, _Julianne Evans_, hereby represent that I was involved in an accident/incident which occurred on _7/5/0L_ at or near _Nantucket, MA_

That as a result of the said accident/incident I suffered and sustained personal injuries. I hereby request that The Law Offices of Steven D. Miller, P.A., represent me, sue and/or settle my claims resulting from the above accident/incident against any persons or parties who may be liable for same.
I hereby agree to pay said attorney based upon the following fee schedule. However, no settlement shall be made without the consent of the injured party.

1. **NO RECOVERY**

    A. There shall be no charge for services of any kind incurred in the processing of said claim unless a recovery is made, except that the client agrees to pay all expenses incurred in the processing of said claim, to-wit: Photographs, Police Reports, Investigation Fees, Court Reporter Fees, Court Costs, out of pocket costs, Etc.

2. **RECOVERY**

    A. If recovery is made the contingent fee shall be as follows:

    1. 33 1/3% of any recovery up to $1 million through the time of filing an answer or the demand for appointment of arbitrators;
    2. 40% of any recovery up to $1 million through the trial of the case;
    3. 30% of any recovery between $1-2 million;
    4. 20% of any recovery in excess of $2 million;
    5. If all defendants admit liability at the time of filing their initial answers and requests a trial only on damages:
        i. 33 1/3% of any recovery up to $1 million from the defendant through trial;
        ii. 20% of any recovery from that defendant between $1-2 million;
        iii. 15% of any recovery in excess of $2 million.
    6. An additional 5% of any recovery after notice of appeal is filed or post-judgment relief or action is required for recovery on the judgment.
    7. In the event there is a court awarded Attorney's fee for legal work performed by the Attorney on said claim the Attorney shall be entitled to the greater of the court awarded fee or the contingent fee set forth above.

000611

EXHIBIT "D"

B. In addition to the above fee schedule the client agrees to pay all expenses incurred in the processing of said claim, to-wit: Photographs, Police Reports, Investigation Fees, Court Reporter Fees, Court Costs, Out of Pocket Costs, etc., and hereby authorizes said attorney to deduct said amounts form the monies collected on my behalf.

C. It is mutually agreed that if the Client settles his claim or cause of action without the consent of the Attorney, then the Client agrees to pay the Attorney the Attorney's fee, computed in accordance with the terms of this agreement, based upon the final recovery realized or received by the Client in such settlement or that amount determined to be a reasonable fee by a court of competent jurisdiction. These provisions apply except asset forth in paragraph 4 below.

D. The Attorney shall have a general lien, in addition to the statutory lien, upon the Client's cause of action, claim or counterclaim which shall attach to any final recovery in the Client's favor, and to the proceeds thereof in whatever hands they may come. The Attorney shall not be in any way obligated to waive his Attorney's lien until said fee and any and all disbursements made upon the Client's behalf, have been fully paid. The Attorney shall not be liable to the Client in any way whatsoever for any loss the Client may incur or suffer because of the Attorney's excercising his lien in order to secure full payment of his legal fees and proper costs, expenses and disbursement under this agreement.

3. This contract may be canceled by written notification to the attorney at any time within 3 business days of the date this contract was executed as shown below. If canceled, the client shall not be obligated to pay any fees to the attorney for work performed during that time. The attorney is entitled to be reimbursed for costs expended during that period.

4. The client has received, read and understands The Statement of Client's Rights.

_____    _____
Client                                              Client

The Law Offices of Steven D. Miller, relying on the above representations hereby agrees to represent _____ in this matter.

12/3/02                         BY: _____
Date                                  Steven D. Miller, Esq.

000612