UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 05-10088 MBB

| | |
|---|---|
| JULIANNE MARIE EVANS, | * |
| | * |
| Plaintiff, | * |
| | * |
| | * |
| vs. | * |
| | * |
| | * |
| NANTUCKET COMMUNITY | * |
| SAILING, INC., a Massachusetts | * |
| Corporation, RONAN O'SIOCHRU | * |
| and DONNCHA KIELY, | * |
| | * |
| Defendants. | * |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CLARIFY COURT ORDER OF MARCH 16, 2006 TO ESTABLISH THAT DEFENDANTS' COSTS MUST BE PAID BY PLAINTIFF'S PRIOR COUNSEL**

This is a personal injury case in which plaintiff sustained injuries resulting in the loss of taste and smell due to negligent operation of sailboats by the defendants. The plaintiff has filed a motion to clarify the court's order of March 16, 2006 to establish that plaintiff's prior counsel must pay the costs awarded by the court pursuant to that order. Plaintiff submits this memorandum in support of her motion.

The circumstances underlying the court's order are well known to the court and are set forth briefly in plaintiff's motion. Even though the defendants requested as a sanction the payment of costs <u>by plaintiff's counsel,</u> and even though the court specifically referred to defendants' request in allowing the motion, <u>and</u> even though the sanctionable conduct was engaged in solely by counsel and not the plaintiff, plaintiff's

prior counsel insists plaintiff must pay the costs. In support of this position, plaintiff's prior counsel relies solely on the provisions of a standard (Florida) fee agreement signed by plaintiff in which plaintiff agreed to pay costs incurred in processing the claim, authorizing the attorney to deduct such costs "form [sic] the monies collected on [plaintiff's] behalf." The position of plaintiff's prior counsel should be summarily rejected. It was solely his improper action which resulted in the court's order and which prejudiced his client's own case by depriving her of the use of favorable evidence from an expert retained by the opposing parties.

It is well established that where a court orders the payment of costs as a sanction, the costs should be paid by the individual responsible for the offending conduct. Thus, the court will look to the conduct at issue in order to determine whether the improper actions were engaged in by a party or by counsel. Allender v. Raytheon Aircraft Co., 220 F.R.D. 661 (D. Kan. 2004); Lee v. Walters, 172 F.R.D. 421 (D. Or. 1997); Pereira v. Narragansett Fishing Corp., 135 F.R.D. 24 (D. Mass. 1991); Petroleum Insurance Agency, Inc. v. Hartford Accident Indemnity Co., 106 F.R.D. 59 (D. Mass. 1985).

Thus, in Lee, supra, the court set forth the general rule applied in deciding the issue:

> Although plaintiffs have not requested an allocation of the sanctions between defendants or their attorney, FRCP 37 contemplates that the burden will fall on the individual responsible for the offending conduct. It is clear that all of the violations are the responsibility of [defendants' attorney], not of his individual clients. Therefore, the award of expenses should be imposed only against [defendants' attorney].

172 F.R.D. at 436.

2

Similarly, in Allender, supra, where an attorney improperly served subpoenas on plaintiff's medical providers without giving notice to the plaintiff, the court ordered the payment of costs as a sanction. In determining whether the sanctions should be paid by the defendant or its counsel, the court stated:

> The only remaining issue is whether defendant and/or defense counsel should be ordered to pay the $152. Because the method and manner of issuing subpoenas is a procedural matter which an attorney is permitted to exercise as an officer of the court, the sanction for procedural errors and discovery abuse should be the responsibility of counsel rather than the client. Accordingly, the $152 shall be paid by defense counsel.

220 F.R.D. at 667.

Two decisions of this court written by Magistrate Judge Collings are also pertinent. In circumstances where both the party and his attorney engaged in conduct resulting in sanctions, the court ordered payment of one-half of the total by each. Petroleum Insurance, supra. However, where counsel was solely at fault, the court ordered that the costs be paid by counsel and further that "plaintiff's counsel not obtain reimbursement, either directly or indirectly for any part of the sums comprising the monetary sanctions from the plaintiff." Pereira, supra, 135 F.R.D. at 28.

In the present case, it was the plaintiff's prior counsel who engaged in the sanctionable conduct. Defendants requested that plaintiff's prior counsel pay costs as a sanction and the court allowed the motion. The only basis cited by Mr. Miller in support of his position that plaintiff should pay the costs is the provision of a Contingent Fee Agreement which has nothing to do with this issue. It is time for plaintiff's prior counsel to assume responsibility for his own errors. The plaintiff accordingly requests that the court clarify its order of March 16, 2006, to establish that the costs ordered therein be

paid by Stephen D. Miller and/or Jeffrey A. Miller and that these costs not be reimbursed by plaintiff.

                                      The Plaintiff,
By Her Attorneys,

  __s/Alan L. Cantor_
Edward M. Swartz
B.B.O. No. 489540
Alan L. Cantor
B.B.O. No. 072360
David P. Angueira
B.B.O. No. 019610
Swartz & Swartz
10 Marshall Street
Boston, MA 02108
(617) 742-1900

**CERTIFICATE OF SERVICE**

I, Alan L. Cantor, Esq. do hereby certify that the foregoing document was served on the following counsel on this date and in the manner specified herein:

Electronically Serviced Through ECF:

| | |
|---|---|
| Steven D. Miller, Esq.<br>817 S. University Drive, Suite 122<br>Plantation, FL 33324 | Richard A. Gargiulo, Esq.<br>Gargiulo, Rudnick & Gargiulo<br>66 Long Wharf<br>Boston, MA 02110 |
| Jeffrey A. Miller, Esq.<br>2424 North Federal Highway, Suite 314<br>Boca Raton, FL 33431 | Thomas J. Muzyka, Esq.<br>Clinton & Muzyka, P.C.<br>One Washington Mall, Suite 1400<br>Boston, MA 02108 |

This 9th day of May, 2006.

                                            __s/Alan L. Cantor_____
                                            Alan L. Cantor