UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 05-10088 MBB

| | |
|---|---|
| JULIANNE MARIE EVANS, | * |
| | * |
| Plaintiff, | * |
| | * |
| | * |
| vs. | * |
| | * |
| | * |
| NANTUCKET COMMUNITY | * |
| SAILING, INC., a Massachusetts | * |
| Corporation, RONAN O'SIOCHRU | * |
| and DONNCHA KIELY, | * |
| | * |
| Defendants. | * |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO REVOKE STIPULATION LIMITING CLAIMS FOR
DAMAGES TO THOSE RELATED TO LOSS OF TASTE AND SMELL**

### I. FACTUAL BACKGROUND

This is a personal injury case in which the plaintiff Julianne Evans ("Evans") contends she sustained severe and continuing personal injuries on July 5, 2002, when she was struck in the back of her head by the boom of a sailboat operated by one of the defendants in this action. Prior to the initiation of this lawsuit, Evans' prior attorneys, Steven and Jeffrey Miller (referred to collectively as "Miller") were engaged in negotiations with the insurer for the defendants in this case. In the course of those negotiations, Miller supplied defendants' insurer with comprehensive medical information pertaining to the various injuries Evans sustained in the incident and

underwent an independent medical examination by a neurologist selected by defendants (see report attached as Exhibit "A" to the plaintiff's motion).

Miller was unable to settle the claim and initiated litigation on January 13, 2005. In the Complaint filed on that date, Evans alleged that she had sustained "serious and permanent injuries...including injures to her neck and back and permanent loss of her sense of smell and taste." Similar allegations were contained in Evans' Amended Complaint, filed on June 15, 2005. In addition to the records produced to defendants' insurer prior to the litigation, Evans also produced extensive information relating to her injuries and her life-long medical history in the course of discovery in this action (See Exhibits "B", "C" and "D" attached to plaintiff's motion).

In October 2004, Evans underwent a medical examination by Dr. Norman Mann ("Mann"), of the U. Conn. Taste and Smell Center, a physician selected by the defendants. The bulk of Mann's reports were produced to Miller in April, 2005. Mann concluded that Evans had lost virtually all her senses of taste and smell and that the injuries were permanent. After these findings were disclosed, Miller advised Evans to waive all of her personal injury claims other than those relating to her loss of taste and smell. Although Evans was continuing to suffer from her other injuries, she followed her attorneys' advice to forgo pursuing damages for her other injuries because Miller told her that this would result in an expeditious settlement (Affidavit of Julianne Evans, Exhibit "E" to plaintiff's motion).

In developments now well known to the court, Miller communicated directly with Mann, resulting in Mann's disqualification and, ultimately, Miller's discharge. Meanwhile, Evans continued to suffer from and receive treatment for her other injuries.

Evans then underwent an extensive medical examination by Dr. Robert Henkin at the D.C. Taste and Smell Center, another physician selected by the defendants, from July 28-31, 2006. Henkin was very concerned about Evans' medical condition and wanted to initiate treatment on an emergent basis for injuries other than her loss of taste and smell.[1] He diagnosed her with post-concussion syndrome. Accordingly, Evans consulted her own physicians who have now initiated treatment for her for various injuries and have diagnosed her with damage to her pituitary and adrenal glands.

## II. ARGUMENT

### PLAINTIFF SHOULD BE ALLOWED TO REVOKE HER STIPULATION

It is black letter law that stipulations are subject to revocation under appropriate circumstances. A leading legal treatise states the general principles as follows:

> Stipulations are under the control and subject to the direction of the court which has power to relieve the parties therefrom on proper application and a showing of sufficient cause, on such terms as will meet the justice of the particular case; but such matter rests in the sound direction of the court and relief will be granted only where necessary to prevent injustice.

83 C.J.S. "Stipulations §99 (2006).

The present case presents a textbook example of a case where a party should be allowed relief from her stipulation:

> Stipulations between parties are not "absolute," *T I Fed. Credit Union v. Delbonis*, 72 F.3d 921, 928 (1st Cir. 1995), and a party may be relieved of a stipulation for good cause-which means, in a nutshell, that good reason must exist and that relief must not unfairly prejudice the opposing party or the interests of justice.

---

[1] On August 24, 2006, defendants' counsel advised plaintiff's counsel that Henkin's report was expected in 7-10 days.

American Honda Motor Co. v. Richard Lundgren, Inc., 314 F.3d 17, 21 (1st Cir. 2002).

In the instant case, virtually all pertinent factors militate in favor of allowing plaintiff to revoke her stipulation.  The stipulation was entered into on the advice of a discharged attorney who was relying on the conclusions of an expert who was subsequently disqualified.  The defendants will suffer no significant prejudice by allowance of the motion in that plaintiff has agreed to do whatever is necessary to allow the defendants a full opportunity to conduct discovery relating to her other injuries.  Since the time the stipulation was entered into, plaintiff received new diagnoses - post-concussion syndrome and pituitary and adrenal gland damage - which had not been made previously.  In brief, revocation of the stipulation is necessary to prevent manifest injustice to the plaintiff.

Directly on point is Brann v. LaBarbone, Inc., 260 A.D.2d 218, 688 N.Y.S.2d 59 (1999).  There, in a case arising out of an automobile accident, plaintiff's counsel sent a letter to defendant's counsel waiving her claim for psychological injuries.  After the case proceeded through jury selection, the court declared a mistrial and allowed plaintiff's counsel to withdraw.  Subsequently, plaintiff moved to withdraw her stipulation waiving psychological injuries.  In affirming the trial court's allowance of the motion, the Appellate Division stated as follows:

> We agree with the motion court that plaintiff's waiver of her claim for psychological injuries was a mistake on her part, caused by her prior attorney's failure to communicate effectively with her as corroborated by her psychiatric records, and should be vacated absent prejudice to defendants....
>
> * * *
>
> The instant motion to vacate the waiver was made, ... plaintiff

4

>arguing that she had mistakenly authorized the waiver because her former attorney had failed to inform her of its impact on her potential damage award, and the court granting the motion upon conditions providing defendants ample opportunity to conduct disclosure as to the alleged psychological injuries. We reject defendants' claim that they sustained prejudice sufficient to warrant denial of the motion simply because the case had proceeded through jury selection with the waiver in effect.

688 N.Y.S.2d at 60.

In other analogous circumstances, courts have freely exercised their discretion to allow a party relief from a stipulation under all of the circumstances of the case where the opposing party would not be unduly prejudiced. See, e.g., Baker v. Ramirez, 190 Cal. App.3d 1123, 235 Cal. Rptr. 857 (1987)(plaintiff allowed to reinstate claim for adverse possession originally pled but waived during discovery where full facts were not available to plaintiff at time of waiver and defendant would not be prejudiced by reinstatement); Stahlin v. Hilton Hotels Corp., 484 F.2d 580 (7th Cir. 1973)(plaintiff allowed to withdraw stipulation that defendant's employee was a registered nurse where plaintiff did not discover contrary facts until after trial had begun); In re Westinghouse Electric Corp. v. Adams, 570 F.2d 899 (10th Cir. 1978)(Party allowed to withdraw stipulation against further deposition of opposing party where important matters were revealed after stipulation was entered into); Cates v. Morgan Portable Building Corp., 780 F2nd 683 (7th Cir. 1985).

In the case at bar, the plaintiff agreed to follow her prior attorneys' advice under the belief that a full, fair and reasonable settlement would be expeditiously achieved based on Dr. Mann's report. Since the stipulation was entered into, however, Dr. Mann has been disqualified, settlement has not been achieved, plaintiff's former counsel was discharged, plaintiff has continued to suffer from her other injuries, plaintiff has had a

5

new diagnosis not previously made and discovery is continuing.  Under all of the present circumstances, the plaintiff should be allowed to revoke her stipulation and pursue recovery for all the injuries she sustained in the course of the incident.

                Respectfully submitted,

                __s/Alan L. Cantor
                Edward M. Swartz
                BBO #489540
                Alan L. Cantor
                BBO #072360
                David P. Angueira
                BBO #019610
                Swartz & Swartz
                10 Marshall Street
                Boston, MA 02108
                617-742-1900

## **CERTIFICATE OF SERVICE**

  I, Alan L. Cantor, Esq. do hereby certify that the foregoing document was served on the following counsel on this date and in the manner specified herein:

Electronically Serviced Through ECF:

| | |
|---|---|
| Steven D. Miller, Esq. | Richard A. Gargiulo, Esq. |
| 817 S. University Drive, Suite 122 | Gargiulo, Rudnick & Gargiulo |
| Plantation, FL 33324 | 66 Long Wharf |
| | Boston, MA 02110 |
| | |
| Jeffrey A. Miller, Esq. | Thomas J. Muzyka, Esq. |
| 2424 North Federal Highway, Suite 314 | Clinton & Muzyka, P.C. |
| Boca Raton, FL 33431 | One Washington Mall, Suite 1400 |
| | Boston, MA 02108 |

This 31st day of August, 2006.

                   s/Alan L. Cantor
                Alan L. Cantor