UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JULIANNE MARIE EVANS, | * | CIVIL ACTION<br>NO.: 05-10088 MBB |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
|  | * |  |
| vs. | * |  |
|  | * |  |
|  | * |  |
| NANTUCKET COMMUNITY | * |  |
| SAILING, INC., a Massachusetts | * |  |
| Corporation, RONAN O'SIOCHRU | * |  |
| and DONNCHA KIELY, | * |  |
|  | * |  |
| Defendants. | * |  |

**PLAINTIFF'S MOTION TO EXTEND DISCOVERY FOR 60 DAYS**

Now comes the plaintiff and moves that the court enter an order extending the time to complete discovery in this action for 60 days, to and including November 27, 2006. This motion is based on the present issues being litigated in the case – i.e., the plaintiff's injuries being limited to loss of taste and smell. If the court allows plaintiff's motion to revoke stipulation, additional time will be needed to complete discovery. As grounds for this motion, plaintiff states as follows:

1. As is now well known to the court, the plaintiff contends she received various injuries when she was struck by the boom of a sailboat operated by one of the defendants.

2.  After the disqualification of defendant's expert Dr. Mann, the parties agreed on further expert examinations and discovery. Please see letters of June 2, 2006 and June 5, 2006 appended as Exhibits "A" and "B".

3.  Defendant's new expert Dr. Henkin examined Ms. Evans on July 28-31, 2006. In his letter and reports dated August 31, 2006, Dr. Henkin confirmed Ms. Evans' severe impairment of taste and smell but added that, "these findings <u>may</u> be attributed to her head injury" and that other factors "could also play a role in these findings" (emphasis added). The report was not produced to plaintiff's counsel until September 8, 2006.

4.  Plaintiff's counsel immediately requested a date for Dr. Henkin's deposition from defense counsel but defense counsel did not respond. Accordingly, plaintiff's counsel noticed the deposition for October 11, 2006.

5.  Defendant's counsel has advised plaintiff's counsel that Dr. Henkin is not available on October 11. The deposition will be scheduled either late in October or in early November.

6.  Plaintiff is scheduled to be examined by her own taste and smell expert in Chicago on October 20, 2006.

7.  As a result of the aforesaid developments, an additional 60 day period is necessary to conduct the depositions of these experts. In the event the court allows plaintiff's motion to revoke stipulation, plaintiff acknowledges that additional discovery will be necessary.

        Respectfully submitted,

        __s/Alan L. Cantor
        Edward M. Swartz
        BBO #489540
        Alan L. Cantor
        BBO #072360
        David P. Angueira
        BBO #019610
        Swartz & Swartz
        10 Marshall Street
        Boston, MA 02108
        617-742-1900
        Attorneys for Plaintiff

### **CERTIFICATE OF SERVICE**

I, Alan L. Cantor, Esq. do hereby certify that the foregoing document was served on the following counsel on this date and in the manner specified herein:

Electronically Serviced Through ECF:

| | |
|---|---|
| Terrence Kenneally, Esq. | |
| Thomas J. Muzyka, Esq. | Jeffrey A. Miller, Esq. |
| Clinton & Muzyka | 2424 N. Federal Highway, Suite 314 |
| 1 Washington Mall | Boca Raton, FL 33431 |
| Boston, MA 02108 | |
| | |
| Steven D. Miller, Esq. | Richard A. Gargiulo, Esq. |
| 817 S. University Drive, Suite 122 | Gargiulo, Rudnick & Gargiulo |
| Plantation, FL 33324 | 66 Long Wharf |
| | Boston, MA 02110 |

This 29th day of September, 2006.

        __s/Alan L. Cantor
        Alan L. Cantor

### **LOCAL RULE 7.1 CERTIFICATION**

I, Alan L. Cantor, certify that I have conferred with defendant's attorney Terrence G. Kenneally but that we were unable to agree on this motion.

        _____s/Alan L. Cantor___
        Alan L. Cantor



**Swartz & Swartz**
ATTORNEYS AT LAW
*The John & Ebenezer Hancock House on The Freedom Trail*
NUMBER TEN MARSHALL ST., BOSTON, MASSACHUSETTS 02108
617-742-1900   •   FAX • 617-367-7193
acantor@swartzlaw.com

June 2, 2006

Thomas J. Muzyka, Esq.
Clinton & Muzyka
1 Washington Mall
Boston, MA 02108

RE: Evans v. Nantucket Community Sailing, Inc.

Dear Tom:

      Thank you for speaking with me yesterday regarding this matter. You indicated that you wish to retain Dr. Henken as your expert notwithstanding the contact Ms. Evans has had with his organization. We are prepared to agree to this with the following understandings:

1. Ms. Evans would keep her current appointment of July 28-31. Your client would be responsible for all of her reasonable expenses associated with this appointment;

2. Dr. Henken's report and all underlying data and other materials in his file will be produced as soon as practicable following the exam;

3. Dr. Henken will be produced for deposition as soon as practicable following production of the materials referred to in Paragraph 2 above;

4. Depending on Dr. Henken's conclusions, it may be necessary for the plaintiff to retain her own expert. To the extent this is necessary and to the extent an examination cannot be scheduled sufficiently in advance of the discovery deadline to allow for completion of discovery, the defendants agree to assent to a reasonable extension of the discovery deadline for this purpose.

      Please let me have your thoughts on these matters.

Very truly yours,

*Alan L. Cantor*

Alan L. Cantor

ALC:krg
Via Telefax:

EXHIBIT "A"

# CLINTON & MUZYKA, P.C.

ATTORNEYS AT LAW
ONE WASHINGTON MALL, SUITE 1400
BOSTON, MASSACHUSETTS 02108

THOMAS E. CLINTON
THOMAS J. MUZYKA
ROBERT E. COLLINS*
KENNETH M. CHIARELLO
TERENCE G. KENNEALLY

ARTHUR P. SKARMEAS**
Of Counsel

*Also admitted in RI
**Also admitted in NH

June 5, 2006

**VIA FACSIMILE & U.S. MAIL**

TELEPHONE
(617) 723-9165
FACSIMILE
(617) 720-3489
E-MAIL:
c&m@clinmuzyka.com

Swartz and Swartz
10 Marshall Street
Boston, MA 02108

Attention:    Alan L. Cantor, Esq.

Re:   Julianne Evans vs.
      Nantucket Community Sailing, Inc.
      Civil Action No. 05-10088

Dear Mr. Cantor:

We refer to the above matter, your letters dated June 1 and June 2, 2006, your recent telephone conversation with Attorney Muzyka, and reply that we agree, in part, with your proposal concerning the defendants' retention of Dr. Robert I. Henkin as their medical expert.

We counter your proposal by suggesting that after Dr. Henkin examines the plaintiff and produces his report that your office examine his report and determine whether the plaintiff will rely on the report or conclude that additional medical expert opinions are required for the plaintiff's interests. If the plaintiff decides to rely on Dr. Henkin's opinions as issued, we agree that his deposition should be noticed soon thereafter.

If the plaintiff wishes to retain her own medical expert after reviewing Dr. Henkin's report then she should retain the expert as soon as practicable. We presume that the plaintiff will then undergo a second examination and a written report concerning the examination will be produced to the defendants.

EXHIBIT "B"

FROM    Case 1:05-cv-10088-MBB    Document 62-3    Filed 09/29/2006    Page 2 of 2
(MON) JUN  5 2006 12:04/ST. 12:33/No. 6067455129 P  3

2

   We presume that the plaintiff's medical expert will then be deposed followed by the defendants' medical expert as is the usual practice in the Federal Court.

   If the present discovery schedule requires modification to accommodate the scheduling of the plaintiff's examination and the medical expert depositions, the defendants will be willing to submit a joint motion requesting the Court for an extension of time.

   If you have any questions concerning the above, please do not hesitate to advise. We look forward to receiving your reply.

                                    Very truly yours,

                                    Terence G. Kenneally