UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10088-MBB

**JULIANNE MARIE EVANS**
    Plaintiff,

VS.

**NANTUCKET COMMUNITY SAILING, INC.,**

**RONAN O'SIOCHRU, and DONNCHA KIELY**
    Defendants.

## DEFENDANT'S PRE-TRIAL MEMORANDUM

Now come the defendants, NANTUCKET COMMUNITY SAILING, INC., RONAN O'SIOCHRU, and DONNCHA KIELY in the above entitled action, by and through their undersigned counsel, and respectfully submit their Pre-Trial Memorandum.

**I.    CONCISE SUMMARY OF DEFENDANTS' POSITION**

In this maritime cause of action, the plaintiff seeks to recover upon a theory of negligence for her loss of taste and smell as a result of an injury sustained on July 5, 2002 while she was participating in a sailboat race in Nantucket. By stipulation her recoverable damages are limited to the value of her loss of taste and smell and any expenses incurred for the treatment of the loss of smell and taste.

The defendants contend that they were not negligent and that they are not responsible for the claim set forth by the

plaintiff because the actions of the sailboat masters were attributable to errors of judgment and assumption of the risk.  The defendants also claim the plaintiff's comparative fault as a contributing cause of the injury.

As a further and separate defense, the defendants contend that the plaintiff's alleged sensory deficiencies were not caused by the subject incident, but were the result of a previously undiagnosed medical condition, to wit, hypothyroidism.  The defendant will also offer evidence that the plaintiff's alleged sensory deficiencies have improved through her use of medications prescribed by the defendants' medical expert, Dr. Robert Henkin.

The defendant, Nantucket Community Sailing, Inc., has also raised the Limitation of Liability Act [46 USC § 183 et. seq.] as an affirmative defense limiting the defendant's liability to the value of the sailboats at $20,000.00.

The defendant, Nantucket Community Sailing, Inc., has also raised the Charitable Immunities Act [MGL c. 231 § 85K et. seq.] as an affirmative defense limiting the defendant's liability to the level of $20,000.00.

II.   **ESTABLISHED FACTS AND STIPULATIONS**

A.   On July 5, 2002, the plaintiff was onboard a sailboat owned by Nantucket Community Sailing, Inc. and piloted by the co-defendant Ronan O'Siochru.  A second

sailboat, also owned by Nantucket Community Sailing, Inc., was piloted by the co-defendant Donncha Kiely.  Both sailboats were engaged in a sailing race at the time of the plaintiff's alleged injury.

    B.  After the plaintiff complained of injury, she was immediately taken to the Emergency Room at Nantucket Cottage Hospital via ambulance.

    C.  By agreed stipulation, the plaintiff is not claiming any pecuniary loss for past lost wages or future lost earning capacity.

    D.  By agreed stipulation, the plaintiff's claim is limited to the value of her alleged loss of taste and smell and any medical expenses incurred for its treatment.

    E.  By agreed stipulation, the plaintiff is not seeking damages for any other sustained physical injury or their related treatment medical expenses.

### III. CONTESTED ISSUES OF FACT

    A.   Negligence of the defendants.

    B.   The comparative negligence of the plaintiff.

    C.   The causal relationship between the plaintiff's alleged sensory deficiencies, the alleged incident, and her pre-existing physical condition.

    D.   The value of the loss of plaintiff's taste and smell.

**IV.  QUESTIONS RAISED BY PENDING MOTIONS**

Defendants will file Motions/Opposition as follows:

1. Motion to Compel Payment of Dr. Henkin's fees for preparation and attending expert deposition.

2. Motion in Limine to limit plaintiff's offering of evidence based upon the stipulation of the parties.

3. Motion in Limine to exclude all lay and expert testimony pursuant to Rule 701 and 702, except for Dr. Hirsch's testimony.

4. Motion in Limine to exclude all testimony and reliance upon the medical records or opinions of Dr. Norman Mann, M.D. of the University of Connecticut's Taste and Smell Center.

5. Opposition to plaintiff's offering of medical records pursuant to MGL c. 233 § 79G.

**V.  ISSUES OF LAW**

The defendants submit that the claim is governed by the General Maritime Law of the United States.

The defendant seeks Limitation of Liability pursuant to 46 USC § 183 et. seq.

The defendant seeks Charitable Immunity limitation of liability pursuant to MGL c. 231 § 85K et. seq.

## VI. **ADDITIONAL MATTERS TO AID IN DISPOSITION**

There are no additional matters raised by the defendants at this time.

## VII. **PROBABLE LENGTH OF TRIAL**

The defendants anticipate that the evidence in this case will take approximately four (4) days (assuming a 9:00 a.m. to 1:00 p.m. schedule).

## VIII. **WITNESSES**

**For the Defendant**

1. Robert I. Henkin, M.D., Ph.D. - Expert
   Director
   Center for Molecular Nutrition and Sensory
   Disorders – Taste and Smell Clinic
   5125 MacArthur Blvd. N.W.
   Washington, D.C.  20016

2. Nicolaas F. Judson
   Executive Director
   Nantucket Community Sailing, Inc.,
   4 Winter Street
   Nantucket, MA 02584

3. Donncha Kiely
   20 Waterpark Close
   Carrigaline, Co. Cork
   Ireland

4. Ronan O'Siochru
   10 Bishopscourt Hill
   Bishopstown, Cork,
   Ireland

5. Michael K. Ackland, M.D.
   449 Route 130
   Suite 8
   Sandwich, MA  02563

6. Custodian of Records

6

        Michael K. Ackland, M.D.
        449 Route 130
        Suite 8
        Sandwich, MA   02563

7. Custodian of Records
        Nantucket Cottage Hospital
        57 Prospect Street
        Nantucket, MA. 02554-2799

8. Ms. Kate Hamilton Pardee
        25 Federal Street
        Nantucket, MA. 02554

The defendant also reserves the right to call any witness listed by the plaintiff, any necessary rebuttal witness, and any witness necessary to authenticate any document which is introduced as evidence during the trial.

**IX.** **EXHIBITS**

**Defendant's Exhibits**

Plaintiff's Deposition Exhibits:

1. Plaintiff's Transcribed Statement – Exhibit #2;

2. Colored Photographs #1-6 – Exhibit #3;

3. Sailboat Drawing – Exhibit 4;

Doctor Henkin's Deposition Exhibits:

4. Curriculum Vitae – Exhibit 1;

5. Group of Material – Exhibit 2;

6. Patient information Form – Exhibit 3;

7. Lab Results – Exhibit 4;

8. Lab Results – Exhibit 5;

9. Noted dated 7-30-2006 – Exhibit 6;

7

10. Notes dated 7-31-2006 – Exhibit 7;

11. Allergy Questionnaire – Exhibit 8;

12. New Patient Intake – Exhibit 9;

13. Invoice – Exhibit 10;

14. Invoice – Exhibit 11;

15. Patient Registration Form – Exhibit 12;

16. Patient Authorization Form – Exhibit 13;

17. Patient Consent Form – Exhibit 14;

18. Message Slip – Exhibit 15;

19. Invoice to Kenneally – Exhibit 16;

20. Letter – Exhibit 17;

21. Letter – Exhibit 18;

22. Folder with Material – Exhibit 19;

23. Article – Exhibit 20;

24. Diagram – Exhibit 21;

25. Response Log – Exhibit 22;

26. Patient Response Form – Exhibit 23;

Medical Records of the Plaintiff:

27. Nantucket Cottage Hospital;

28. Ackland Sports Medicine;

29. Shields MRI Cape Cod;

30. Cape Cod Rehabilitation Center;

8

Other Exhibits:

   31. Plaintiff's Receipts and Expense Accounting to Washington D.C. dated August 24, 2006;

   32. Certified Records from the Commonwealth of Massachusetts Office of the Attorney General's Division of Public Charities;

   33. The Inquirer and Mirror Newspaper June 27, 2002; and

   34. The Inquirer and Mirror Newspaper July 3, 2002.

The defendant also reserves the right to offer any exhibit listed by the plaintiff and to call any witness necessary to authenticate any document which is introduced as evidence during the trial.

**X.    DAILY COPY**

The defendants do not anticipate requesting a daily copy of the transcript testimony.

        Respectfully Submitted,
        **DEFENDANTS**

        **CLINTON & MUZYKA, P.C.,**

        **"/s/Thomas J. Muzyka"**
        **Thomas J. Muzyka**
        **BBO NO. 365540**
        **Terence G. Kenneally**
        **BBO NO. 642124**
        One Washington Mall
        Suite 1400
        Boston, MA 02108
        617-723-9165

Dated: November 6, 2007