UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 05-10088 MBB

JULIANNE MARIE EVANS,        *
                             *
        Plaintiff,           *
                             *
                             *
vs.                          *
                             *
                             *
NANTUCKET COMMUNITY          *
SAILING, INC., a Massachusetts *
Corporation, RONAN O'SIOCHRU *
and DONNCHA KIELY,           *
                             *
        Defendants.          *

**MOTION TO QUASH SUBPOENA OF DR. MICHAEL K. ACKLAND**

On 11/07/07, Plaintiff's counsel received a telephone call from Dr. Michael K. Ackland. Dr. Ackland was one of the Plaintiff's treating doctors. He is an orthopedic surgeon. As the Court is aware the Plaintiff can only present evidence regarding Plaintiff's injuries related to her loss of smell and taste. Dr. Ackland informed Plaintiff's counsel that Defendant's counsel Attorney Terrence Kenneally called him on 11/07/07. According to Dr. Ackland, Defense counsel informed him he was an attorney working on the case of his patient Ms. Evans. He told the doctor that he had a HIPPA authorization and that he had received and reviewed his patient's records. He told the doctor that Ms. Evans claimed Dr. Ackland advised her that her loss of taste and smell was permanent. Attorney Kenneally solicited information and opinions from Dr. Ackland as to whether the doctor had that opinion and whether he ever told Ms. Evans that her condition was permanent. They then discussed who was paying for his time lost while testifying in

Court. Defense counsel told the doctor he was now a material witness and he would subpoena him and he would not be paid for his testimony.

Dr. Ackland was extremely upset since he felt he was mislead into believing defense counsel represented this patient. First, the authorization sent to Attorney Kenneally by Plaintiff's prior counsel does not authorize the Defendant's counsel to have a conversation with a treating doctor about the contents of the records or his treatment of the patient. It only authorizes the release of the records. Attorney Kenneally overstepped his bounds by misusing the authorization in an effort to improperly solicit information from Dr. Ackland. If he felt such information was necessary Dr. Ackland could have been deposed during discovery. He was not deposed.

Since the only damages the Plaintiff can bring in this case relate to her loss of taste and smell and since Dr. Ackland is an orthopedic surgeon, he is incompetent and unqualified to testify about these matters, i.e. the permanency of her loss of taste and smell. Therefore, the subpoena should be quashed. Moreover, the Plaintiff requests the Court enter an order prohibiting Defendant's counsel from contacting any of the Plaintiff's treating doctors other than by formal subpoena for trial in order to avoid these uncomfortable circumstances.

Respectfully submitted,

/s/David P. Angueira
_____
Edward M. Swartz, BBO #489540
Alan L. Cantor, BBO #072360
David P. Angueira, BBO #019610
Swartz & Swartz
10 Marshall Street
Boston, MA 02108
617-742-1900

## **CERTIFICATE OF SERVICE**

  I, David P. Angueira, Esq. do hereby certify that the foregoing document was served on the following counsel on this date and in the manner specified herein:

Electronically Serviced Through ECF:

  Terrence Kenneally, Esq.
  Clinton & Muzyka
  1 Washington Mall
  Boston, MA 02108


This 7th day of November, 2007.

                /s/ David P. Angueira
                _____
                David P. Angueira



A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

≈AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

FOR THE     DISTRICT OF     MASSACHUSETTS

JULIANNE MARIE EVANS

V.

NANTUCKET COMMUNITY SAILING, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    05-10088-MBB

TO: Michael Kingsley Ackland, M.D.
449 Route 130, Suite 8
Sandwich, MA 02563

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM 25 |
|---|---|
| U.S. District Courthouse<br>J. J. Moakley U.S. Courthouse<br>1 Courthouse Way<br>Boston, MA 02210 | Floor 7 w/Magistrate Judge Bowler |
| | DATE AND TIME<br>Thursday, November 15, 2007<br>at 9:00 a.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Any and all medical notes, records, correspondence and other documents relating to the services provided to plaintiff, Julianne Marie Evans, 200 Jacaranda Dr., Plantation, FL; DOB: October 23, 1962; SSN: 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

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant<br>Thomas J. Muzyka | DATE<br>November 6, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
CLINTON & MUZYKA, P.C., One Washington Mall, Suite 1400, Boston, MA 02108
(617) 723-9165

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
　　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include but is not limited to lost earnings and reasonable attorney s fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert s study made not at the request of any party or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

217584

**WITNESS FEE ACCOUNT**
POST OFFICE BOX 869103
MILTON, MA 02186

SOVEREIGN BANK
5-7515-110

11/6/2007

FOR USE AS WITNESS FEE ONLY

PAY TO THE
ORDER OF    Michael Kingsley Ackland, MD                                         $ **82.00

Eighty-Two and 00/100************************************************************DOLLARS

Michael Kingsley Ackland, MD
449 Rt. 130, Suite 8
Sandwich, MA

VOID AFTER 90 DAYS

MEMO

⑉217584⑉ ⑈011075150⑈ 6240499666 2⑉