UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

|  |  | CIVIL ACTION<br>NO.: 05-10088 MBB |
|---|---|---|
| JULIANNE MARIE EVANS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| vs. | * | |
| | * | |
| | * | |
| NANTUCKET COMMUNITY | * | |
| SAILING, INC., a Massachusetts | * | |
| Corporation, RONAN O'SIOCHRU | * | |
| and DONNCHA KIELY, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF, JULIANNE MARIE EVANS' PRE-TRIAL STATEMENT
PURSUANT TO THE COURT'S PRE-TRIAL ORDER OF APRIL 5, 2007**

I.   STATEMENT OF THE EVIDENCE

The Plaintiff will offer evidence that Ms. Evans was a passenger on a sailboat taking a sailing lesson as a customer of the Defendant, Nantucket Community Sailing, Inc. At that time the two individual Defendants Ronan O'Siochur and Donnacha Kiely two relatively inexperienced and immature employees of the Defendant, Nantucket Community Sailing, Inc. were engaged in a sailing race. Ms. Evans had little experience as a sailor and no experience in sail racing. According to the deposition testimony of Defendant, Ronan O'Siochru, he admitted the accident was his fault when he failed to yield the right of way to the other sailboat in violation of applicable sailing rules. As a result the boom of one boat struck the Plaintiff in her head knocking her unconscious and to the ground. It is the Plaintiff's position that the two individual Defendants were acting recklessly and negligently when they attempted to

1

outmaneuver each other during the race. As a result of the near collision between the sailboats the boom of one boat struck the Plaintiff in the back of head, resulting in significant and permanent injuries. Because of a prior ruling by this Court, the only damages the Plaintiff is pursuing in this matter is her permanent loss of taste and smell. The Plaintiff will present evidence that as a result of her head injury she suffers from a loss of smell and taste that in her medical expert's opinion is permanent in nature. Since there is no cure for her condition there was very little treatment, except for the original diagnosis and infrequent reports of her condition to her ongoing physicians involvement in caring for the other injuries.

The special damages are as follows:

<u>Medical Expenses:</u>

1. Nantucket Cottage Hospital              $3070.00
2. Dr. Robert Constant, MD                 $ 461.00

II.  STATEMENT OF FACTS

See Section No. I.

III. CONTESTED ISSUES OF FACT

The only contested issue of fact from the Plaintiff's perspective is the value of her damages.

IV.  QUESTIONS RAISED BY PENDING MOTIONS

The Plaintiff has filed a motion to quash a subpoena served by the Defendant on one of Plaintiff's treating doctors. (See Attached copy of the Motion to Quash Subpoena of Dr. Michael K. Ackland, Exhibit A).

V.   ISSUES OF LAW

Since the corporate Defendant, Nantucket Community Sailing, Inc. is a charitable organization claiming charitable immunity the claims against it will be dismissed due to the cap pursuant to Massachusetts General Laws

        Chapter 231, Section 85K.  It is understood that the insurance policy coverage the Nantucket Community Sailing, Inc. would apply in any judgments entered against the individual Defendants.  If this is not the case the Plaintiff will have to reconsider this issue.  A stipulation by the Defendant would resolve this matter.

VI.    ADDITIONAL MATTERS TO AID IN DISPOSITION OF THE ACTION

        The individual Defendants did not indicate whether they would be present at the trial, therefore, it is the position of the Plaintiff that she will provide this Court with the deposition testimony of the individual Defendants on the issue of liability.

VII.    PROBABLE LENGTH OF TRIAL

        Bench trial; 3-4 half-days.

VIII.    WITNESSES

    A. Plaintiff's Witnesses

    Julianne Marie Evans (Factual Witness)
    200 Jacaranda Drive – Apt. No. B-1
    Plantation, Florida 33324

    Ms. Evans will testify about all of the events surrounding her medical condition, the care and treatment provided to her, the permanent and total disabilities of losing her physical senses of smell and taste. She will testify about how these injuries have affected her ability to function on a physical, emotional and psychological basis and how her overall quality of life has been greatly diminished as a result of the combined negligence of the Defendants.

    Julie Anderson (Factual Witness)
    3003 Oak Bend Drive
    Round Rock, Texas 78681

Ms. Anderson will testify about her observations of the Plaintiff in the time period following the head trauma that she suffered on July 5, 2002, during her various medical care and treatment sessions, her conversations with the Plaintiff related to her condition, about the change in the Plaintiff's health and personality and the Plaintiff's loss of enjoyment of life and other damage-related issues.

Jan Chamberlain (Factual Witness)
Westerly, Rhode Island

Ms. Chamberlain will testify about her observations of the Plaintiff in the time period following the head trauma that she suffered on July 5, 2002, during her various medical care and treatment sessions, her conversations with the Plaintiff related to her condition, about the change in the Plaintiff's health and personality and the Plaintiff's loss of enjoyment of life and other damage-related issues.

Dr. Alan R. Hirsch, MD (Medical Expert Witness)
Smell & Taste Treatment & Research Foundation, Ltd.
Water Tower Park – Suite No. 990-W
845 North Michigan Avenue
Chicago, Illinois 60611

Dr. Alan R. Hirsch, MD will testify in accordance with his medical report. He will testify based upon his academic education, clinical training, professional experience, his review of the Plaintiff's medical records and his physical examination of the Plaintiff.

Dr. Hirsch is expected to testify that it is his professional clinical opinion that the Plaintiff's loss of the physical senses of smell and taste are causally related to the head trauma she suffered on July 5, 2002 as a result of being hit in the head by a sailing boom, and not related to a thyroid condition as the Defendants' medical expert concludes. He is expected to testify that on September 14, 2005 and in June 2001, the Plaintiff's thyroid

hormone levels at that time were within normal limits, but she still had chemosensory problems, indicating that her chemosensory deficit is not related to the thyroid, but to her head trauma that she suffered on July 5, 2002.

Dr. Hirsch is expected to testify that Ms. Evans post-traumatic smell and taste sensory losses have a very poor prognosis and that the likelihood of a full recovery is only a few percent at best. He is further expected to testify that the literature from almost the entire competent medical profession supports his opinion that there is relatively poor prognosis in persistent post-traumatic chemosensory loss almost five (5) years following the precipitating event.

Dr. Hirsch is expected to testify that it his professional opinion that the Defendants' medical expert, Dr. Robert Henkin, MD, suggestion that the Plaintiff has a 70% chance of recovery from her post-traumatic sensory losses is outside the realm of accepted medical practice. He is expected to testify that the Plaintiff's loss of smell and taste is most likely permanent in nature and have been devastating for her. He will also testify that it will more likely than not continue to have a negative impact on her overall quality of life. He will testify that his clinical diagnoses are Carosmia (the perception of non-existent disagreeable odors); Hyposmia (reduced ability to smell and detect odors); Ageusia (inability to taste); and Phantosmia (the perception of odors not actually present). He will testify how this type of injury impacts a person's entire lifestyle and the emotional sequelae that often is associated with this injury.

IX. PROPOSED EXHIBITS
    A. Plaintiff Proposed Exhibits
        1. Medical Records & Bills of Michael Ackland, MD
        2. Medical Records & Bills of Nantucket Cottage Hospital
        3. Medical Records & Bills of Robert Constant, MD

    4. Medical Records & Bills of Eric Schertzer, MD
    5. Medical Records & Bills of Norman Mann, MD
    6. Medical Records & Bills of Kenneth Burke, MD
    7. Medical Records & Bills of Kenneth Selbst, MD
    8. Medical Records & Bills of Hubert Rosomoff, MD
    9. Medical Records & Bills of Ronald S. Wagner, MD
    10. Medical Records & Bills of Paul Flaten, MD
    11. Certified Weather Report & Marine Forecast Records of the National Climactic Data Center; and
    12. Handbook of _The Racing Rules of Sailing, 2001-2004_, by the United States Sailing Association.
    13. Defendant, Ronan O'Siochru Deposition Exhibits
        a. Sailboat Photographs
        b. Telephone Conversation Transcript (04/05/05)
        c. Sailing Diagrams, Exhibits No. 9-10
    14. Defendant, Donncha Kiely Deposition Exhibits
        a. Telephone Conversation Transcript (04/07/05)
        b. Sailing Diagrams
    15. Medical Expert Report of Dr. Alan R. Hirsch, MD
    16. Curriculum Vitae of Dr. Alan R. Hirsch

X. WHETHER A DAILY COPY OF THE TRIAL TRANSCRIPT IS TO BE REQUESTED

    No.

XI. PROPOSED JURY INSTRUCTIONS

    Jury waived.

        Respectfully submitted,
        For the Plaintiff,
        Julianne Marie Evans,
        By her Attorneys,

        /s/ David P. Angueira

        Edward M. Swartz, Esq., BBO No. 489540
        Alan L. Cantor, Esq., BBO No. 072360
        David P. Angueira, Esq., BBO No. 019610
        Swartz & Swartz
        10 Marshall Street
        Boston, MA 02108
        (617) 742-1900

Dated: November 7, 2007

**CERTIFICATE OF SERVICE**

      I, David P. Angueira, Esq. do hereby certify that the foregoing document was served on the following counsel on this date and in the manner specified herein:

Electronically Serviced Through ECF:

    Terrence Kenneally, Esq.
    Clinton & Muzyka
    1 Washington Mall
    Boston, MA 02108

This 7th day of November, 2007.

                                            /s/ David P. Angueira
                                            _____
                                            David P. Angueira

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.:  05-10088 MBB

JULIANNE MARIE EVANS,         *
                              *
        Plaintiff,            *
                              *
                              *
vs.                           *
                              *
                              *
NANTUCKET COMMUNITY           *
SAILING, INC., a Massachusetts *
Corporation, RONAN O'SIOCHRU  *
and DONNCHA KIELY,            *
                              *
        Defendants.           *

**MOTION TO QUASH SUBPOENA OF DR. MICHAEL K. ACKLAND**

On 11/07/07, Plaintiff's counsel received a telephone call from Dr. Michael K. Ackland.  Dr. Ackland was one of the Plaintiff's treating doctors.  He is an orthopedic surgeon.  As the Court is aware the Plaintiff can only present evidence regarding Plaintiff's injuries related to her loss of smell and taste.  Dr. Ackland informed Plaintiff's counsel that Defendant's counsel Attorney Terrence Kenneally called him on 11/07/07.  According to Dr. Ackland, Defense counsel informed him he was an attorney working on the case of his patient Ms. Evans.  He told the doctor that he had a HIPPA authorization and that he had received and reviewed his patient's records.  He told the doctor that Ms. Evans claimed Dr. Ackland advised her that her loss of taste and smell was permanent.  Attorney Kenneally solicited information and opinions from Dr. Ackland as to whether the doctor had that opinion and whether he ever told Ms. Evans that her condition was permanent.  They then discussed who was paying for his time lost while testifying in

Court. Defense counsel told the doctor he was now a material witness and he would subpoena him and he would not be paid for his testimony.

Dr. Ackland was extremely upset since he felt he was mislead into believing defense counsel represented this patient. First, the authorization sent to Attorney Kenneally by Plaintiff's prior counsel does not authorize the Defendant's counsel to have a conversation with a treating doctor about the contents of the records or his treatment of the patient. It only authorizes the release of the records. Attorney Kenneally overstepped his bounds by misusing the authorization in an effort to improperly solicit information from Dr. Ackland. If he felt such information was necessary Dr. Ackland could have been deposed during discovery. He was not deposed.

Since the only damages the Plaintiff can bring in this case relate to her loss of taste and smell and since Dr. Ackland is an orthopedic surgeon, he is incompetent and unqualified to testify about these matters, i.e. the permanency of her loss of taste and smell. Therefore, the subpoena should be quashed. Moreover, the Plaintiff requests the Court enter an order prohibiting Defendant's counsel from contacting any of the Plaintiff's treating doctors other than by formal subpoena for trial in order to avoid these uncomfortable circumstances.

                                        Respectfully submitted,

                                        /s/David P. Angueira
                                        _____
                                        Edward M. Swartz, BBO #489540
                                        Alan L. Cantor, BBO #072360
                                        David P. Angueira, BBO #019610
                                        Swartz & Swartz
                                        10 Marshall Street
                                        Boston, MA 02108
                                        617-742-1900

**CERTIFICATE OF SERVICE**

  I, David P. Angueira, Esq. do hereby certify that the foregoing document was served on the following counsel on this date and in the manner specified herein:

Electronically Serviced Through ECF:

  Terrence Kenneally, Esq.
  Clinton & Muzyka
  1 Washington Mall
  Boston, MA 02108


This 7th day of November, 2007.

               /s/ David P. Angueira
               _____
               David P. Angueira