UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10088-MBB

**JULIANNE MARIE EVANS**
    **Plaintiff,**

**VS.**

**NANTUCKET COMMUNITY SAILING, INC.,**

**RONAN O'SIOCHRU and DONNCHA KIELY**
**Defendants**

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE BEYOND THE SCOPE OF THE PARTIES' STIPULATION OF DECEMBER 8, 2005

Now come the defendants, Nantucket Community Sailing, Inc., Ronan O'Siochru, and Donncha Kiely, in the above captioned action, by and through their undersigned counsel, and respectfully move this Honorable Court *in Limine* to preclude the plaintiff from offering evidence beyond the scope of the Parties' Stipulation of December 8, 2005.

As grounds in support of their motion, the defendants submit the following for the Court's consideration.

### BACKGROUND

This is a maritime cause of action for personal injuries brought by Julianne Marie Evans. The plaintiff maintains that on July 5, 2002, she was aboard a sailboat owned by Nantucket Community Sailing, Inc. and piloted by the co-defendant, Ronan O'Siochru, when she was struck by the boom

2

from a second sailboat, also owned by Nantucket Community Sailing, Inc., but piloted by the co-defendant, Donncha Kiely. The plaintiff alleges that as a result of being struck by the sailboat boom she sustained a loss of smell and taste.

**ARGUMENT**

The civil action was commenced in this matter on January 13, 2005 with issues joining on February 2, 2005.  On December 8, 2005, the plaintiff's deposition was obtained. Prior to the deposition and *in plaintiff's presence*, a colloquy on the record between the undersigned and the plaintiff's predecessor counsel, Steven D. Miller, occurred. The plaintiff's counsel stipulated that [1] the only claim presented in this action was for loss of taste and smell; [2] the plaintiff was not seeking loss of earning capacity, either past or future; and [3] limit medical expenses relating to the loss of taste and smell. *See* **Exhibit "A"** *attached hereto.*

On August 31, 2006, thirty days [30] days before the expiration of discovery, the plaintiff filed her Motion to Revoke Stipulation Limiting Claims for Damages to Those Related to Loss of Taste and Smell.  On September 18, 2006, the defendants filed their Opposition to plaintiff's Motion to Revoke Stipulation Limiting Claims for Damages to Those Related to Loss of Taste and Smell.

3

After conducting a hearing on October 24, 2006, this Honorable Court denied plaintiff's Motion to Revoke Stipulation Limiting Claims for Damages to Those Related to Loss of Taste and Smell and therefore, the plaintiff was not relieved from the parameters of the stipulation. *See **Exhibit "B"** attached hereto*.  Accordingly, this Honorable Court should properly preclude the plaintiff from offering any evidence, which is beyond the scope of the Stipulation of December 8, 2005.

**WHEREFORE**, the defendants pray that this Honorable Court grant this Motion *In Limine* and preclude the plaintiff from offering any evidence beyond the scope of the Parties' Stipulation of December 8, 2005.

                         Respectfully submitted
                         by their counsel;
                         **CLINTON & MUZYKA, P.C**

                         "/s/Thomas J. Muzyka"
                         **Thomas J. Muzyka**
                         **BBO NO: 365540**
                         **Terence G. Kenneally**
                         **BBO NO: 642124**
                         One Washington Mall
                         Suite 1400
                         Boston, MA  02108
                         (617) 723-9165

Dated:   November 8, 2007

# EXHIBIT A

**ORIGINAL**

Volume: I
Pages: 1-185

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10088 MBB

JULIANNE MARIE EVANS,

    Plaintiff

vs.

NANTUCKET COMMUNITY SAILING, INC.,
a Massachusetts corporation,
RONAN O'SIOCHRU and DONNCHA KIELY,

    Defendants

DEPOSITION OF:   JULIANNE M. EVANS

CLINTON & MUZYKA

One Washington Mall

14th Floor

Boston, MA 02108

December 8, 2005

Virginia Dodge
Registered Professional Reporter

DUNN & GOUDREAU

```
APPEARANCES:


Representing the Plaintiff (Via Telephone):

    LAW OFFICE OF STEVEN D. MILLER
    817 South University Drive
    Suite 122
    Plantation, FL 33324
    BY:  STEVEN D. MILLER, ESQ.
    (954) 472-0776

    and

    LAW OFFICE OF JEFFREY A. MILLER
    2424 North Federal Highway
    Suite 314
    Boca Raton, FL 33431
    BY:  JEFFREY A. MILLER, ESQ.
    (561) 392-4300



Representing the Defendants:

    CLINTON & MUZYKA
    One Washington Mall
    14th Floor
    Boston, MA 02108
    BY:  THOMAS J. MUZYKA, ESQ.
         TERENCE G. KENNEALLY, ESQ.
    (617) 723-9165
```

```
 1  make the appropriate arrangements.
 2       MR. MUZYKA: Steve, usually what we do up
 3  here is we have stipulations in the beginning
 4  concerning the deposition, which all objections
 5  are reserved and motions to strike are reserved
 6  to the time of trial except as to form.
 7       And as far as reading, signing the
 8  deposition, usually that's made by -- that's a
 9  determination made by the deponent or yourself
10  at the conclusion of the deposition. Is that
11  okay with you?
12       MR. STEVEN MILLER: Yes.
13       MR. MUZYKA: Before we start the
14  deposition, you and I spoke earlier. And I
15  just want to see if we can eliminate areas of
16  inquiry so that we can expedite the deposition.
17       In the past when I have spoken with Jeffrey
18  Miller and in court, he made representations
19  that the only claims that are being presented
20  in this litigation are for the loss of taste
21  and loss of smell, that there would be no other
22  personal injury claims made. Can we stipulate
23  to that?
24       MR. STEVEN MILLER: Yes.
```

```
 1        MR. MUZYKA:  Okay.  In addition to that,
 2   Jeff has also agreed that there will be no
 3   claims made here for loss of earning capacity,
 4   either past or future.  Can we --
 5        MR. STEVEN MILLER:  Yes.
 6        MR. MUZYKA:  And lastly, with regard to
 7   medical expenses, although we did not discuss
 8   it specifically, we would be willing to limit
 9   only those medical expenses that are related to
10   loss of smell and taste.  Is that satisfactory
11   to you?
12        MR. STEVEN MILLER:  Well, to the extent
13   that she has some medical bills from the
14   emergency room and doctors and initial
15   treatment and consultations following, but
16   nothing in the future with regards to anything
17   other than taste and smell.  That's correct.
18        MR. MUZYKA:  With regard to --
19        MR. STEVEN MILLER:  We've given you that
20   lien information, the Blue Cross stuff, Tom.
21   So it's not significant anyway.
22        MR. MUZYKA:  It isn't?
23        MR. STEVEN MILLER:  No.
24        MR. MUZYKA:  With regard to that then, I
```

```
 1            will limit my examination with regard to just
 2            the claim for loss of smell and taste.
 3            MR. STEVEN MILLER:  That's fine.
 4   Q.   (By Mr. Muzyka)  Ms. Evans, would you please state
 5   your full name?
 6   A.   Julianne Marie Evans.
 7   Q.   And your residence?
 8   A.   200 Jacaranda Drive.
 9   Q.   Could you spell that, please?
10   A.   J-A-C-A-R-A-N-D-A.
11   Q.   And where is that located?
12   A.   It's in Plantation, Florida.
13   Q.   And how long have you been living there?
14   A.   Fourteen years.
15   Q.   Is that a house, or is it a condo, or is it an
16   apartment?
17   A.   It's a condo.
18   Q.   And do you own it?
19   A.   Yes.
20   Q.   Could you please give me your date of birth?
21   A.   10/23/62.
22   Q.   And your Social Security number, please?
23   A.   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.
24   Q.   Where were you born?
```

# EXHIBIT B

**From:** Thomas Muzyka
**Sent:** Tuesday, October 24, 2006 4:29 PM
**To:** Cheryl Mehos; Angela Bruno
**Subject:** FW: Activity in Case 1:05-cv-10088-MBB Evans v. Nantucket Community Sailing, Inc. "Motion Hearing"

-----------------------------------------

**From:** ECFnotice@mad.uscourts.gov[SMTP:ECFNOTICE@MAD.USCOURTS.GOV]
**Sent:** Tuesday, October 24, 2006 4:28:07 PM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:05-cv-10088-MBB Evans v. Nantucket Community Sailing, Inc. "Motion Hearing"
**Auto forwarded by a Rule**


***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Duffy, Marc entered on 10/24/2006 at 4:28 PM EDT and filed on 10/24/2006
**Case Name:**     Evans v. Nantucket Community Sailing, Inc.
**Case Number:**   1:05-cv-10088
**Filer:**
**Document Number:**

**Docket Text:**
Electronic Clerk's Notes for proceedings held before Judge Marianne B. Bowler: Motion Hearing held on 10/24/2006 on [64] MOTION to Compel, [57] MOTION to Withdraw Stipulation and [62] MOTION for Extension of Time to Complete Discovery. Rulings made as stated on the record in open court. (Duffy, Marc)

The following document(s) are associated with this transaction:


**1:05-cv-10088 Notice will be electronically mailed to:**

David P. Angueira    dangueira@swartzlaw.com, attorney@swartzlaw.com

Alan L. Cantor    acantor@swartzlaw.com

Richard A. Gargiulo    rag@grglaw.com

Marielise Kelly    mlk@grglaw.com

Terence G. Kenneally   tkenneally@clinmuzyka.com

Jeffrey A. Miller   bitethehook@aol.com,

Steven D. Miller   sdm1059@aol.com

Thomas J. Muzyka   tmuzyka@clinmuzyka.com

Constance L. Rudnick   rudnick@mslaw.edu

Edward M. Swartz !   attorney@swartzlaw.com, jswartz@swartzlaw.com

**1:05-cv-10088 Notice will not be electronically mailed to:**