UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10088-MBB

**JULIANNE MARIE EVANS**
    **Plaintiff,**

**VS.**

**NANTUCKET COMMUNITY SAILING, INC.,**

**RONAN O'SIOCHRU and DONNCHA KIELY**
**Defendants**

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING EXPERT OPINIONS BEYOND THE TESTIMONY OF ALAN R. HIRSCH, M.D.

Now come the defendants, Nantucket Community Sailing, Inc., Ronan O'Siochru, and Donncha Kiely, in the above captioned action, by and through their undersigned counsel, and respectfully move this Honorable Court *in Limine* to preclude the plaintiff from offering any expert testimony/evidence beyond the testimony of Alan R. Hirsch, M.D.

As grounds in support of their motion, the defendants submit the following for the Court's consideration.

### BACKGROUND

This is a maritime cause of action for personal injuries brought by Julianne Marie Evans. The plaintiff maintains that on July 5, 2002, she was aboard a sailboat owned by Nantucket Community Sailing, Inc. and piloted by the co-

2

defendant Ronan O'Siochru, when she was struck by the boom from a second sailboat, also owned by Nantucket Community Sailing, Inc., but piloted by the co-defendant Donncha Kiely. The plaintiff alleges that as a result of being struck by the sailboat boom she sustained a loss of smell and taste.

Within the plaintiff's Answers to Interrogatories dated July 25, 2005, she states, "No experts have been retained by the plaintiff." To date, the plaintiff has not supplemented her Answers to Interrogatories as required under Federal Rule of Civil Procedure 26.

On June 2, 2006, plaintiff's counsel wrote to defense counsel and indicated that the plaintiff may retain her own medical expert after she was examined by defendants' medical expert, Robert I. Henkin, M.D.

On September 29, 2006, the plaintiff filed a Motion to Extend Discovery For 60 Days seeking additional time to conduct the plaintiff's examination by her own medical expert and to complete the depositions of the Parties' medical experts.

On January 17, 2007, plaintiff's counsel produced a copy of a report authored by Alan R. Hirsch, M.D. concerning his examination of the plaintiff on November 17, 2006.

On November 2, 2007, plaintiff's counsel produced several typed written pages that summarized Dr. Hirsch's

3

previous testimony in other matters.

To date, the plaintiff has not identified any expert beyond Alan R. Hirsch, M.D. in support of her allegations against the defendants. Accordingly, the defendants seek an Order that prohibits the plaintiff from offering any expert testimony, evidence or opinions beyond the testimony of Alan R. Hirsch, M.D.

## ARGUMENT

Federal Rules of Evidence Rule 701 states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Rule 701 was amended in 2000 "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." **U.S. v. Ayala-Pizarro**, 407 F.3d 25, 28 (1st Cir. 2005} *citing to* Rule 701 Advisory Committee Notes dated December 1, 2000. Expert testimony/evidence is subject to the pre-trial disclosure requirements of Fed.R.Civ.P. 26 and … the additional reliability requirements imposed by Fed.R.Evid. 702.[1] **Id.** Since the plaintiff has only

---

1 Fed.R.Evid. 702 states:

4

identified Alan R. Hirsch, M.D. as an expert witness at trial, she is now prohibited from offering additional scientific, technical, or other specialized knowledge or opinions proffered by lay witnesses or undisclosed experts into evidence.

Further, the plaintiff cannot offer the opinions and or conclusions of other experts through the submission of documentation into evidence because the plaintiff failed to comply with the expert disclosure requirements of Fed.R.Civ.P. 26. with respect to those opinions.  In addition, the submission of documented expert opinions fails to comply with the reliability requirements imposed by Fed.R.Evid. 702, Fed.R.Evid. 803, and Fed.R.Evid. 902. Accordingly, this Honorable Court should enter an Order that prohibits the plaintiff from offering any expert opinions beyond the testimony of Alan R. Hirsch, M.D. because any such opinions were not disclosed as required under the Federal Rules of Civil Procedure and do not comply with this Court's orders.

---

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

5

**WHEREFORE**, the defendants pray that this Honorable Court grant this Motion *In Limine* and preclude the plaintiff from offering any expert opinions/evidence beyond the testimony of Alan R. Hirsch, M.D.

                                            Respectfully submitted
by their counsel;
**CLINTON & MUZYKA, P.C**

"/s/Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

Dated:   November 8, 2007