UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10088-MBB

JULIANNE MARIE EVANS
    Plaintiff,

VS.

NANTUCKET COMMUNITY SAILING, INC.,
RONAN O'SIOCHRU and DONNCHA KIELY
    Defendants

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING INTO EVIDENCE ANY FINDINGS, EXAMINATION RESULTS AND OPINIONS OF NORMAN MANN, M.D. CONCERNING THE PLAINTIFF'S EXAMINATION AND TESTING AT THE UCONN TASTE AND SMELL CLINIC

Now come the defendants, Nantucket Community Sailing, Inc., Ronan O'Siochru, and Donncha Kiely, in the above captioned action, by and through their undersigned counsel, and respectfully move this Honorable Court *in Limine* to preclude the plaintiff from introducing any evidence in the form of findings, examination results and opinions of Norman Mann, M.D. concerning the plaintiff's examination and testing at the UCONN Taste and Smell Clinic.

As grounds in support of their motion, the defendants submit the following for the Court's consideration.

### BACKGROUND

This is a maritime cause of action for personal injuries brought by Julianne Marie Evans. The plaintiff maintains that on July 5, 2002, she was aboard a sailboat owned by Nantucket Community Sailing, Inc. and piloted by the co-

2

defendant Ronan O'Siochru, when she was struck by the boom from a second sailboat, also owned by Nantucket Community Sailing, Inc., but piloted by the co-defendant Donncha Kiely. The plaintiff alleges that as a result of being struck by the sailboat boom she sustained a loss of taste and smell.

Prior to the filing of the Complaint, the defendants engaged Dr. Mann as a defense expert and his colleagues to examine the plaintiff at the UCONN Taste and Smell Clinic from October 27, 2004 through October 29, 2004. The defendants paid for all of the testing and services at the UCONN Taste and Smell Clinic, including reimbursing the plaintiff for incurred out of pocket and travel expenses.  At the conclusion of the examination, Dr. Mann authored for defense counsel three [3] reports concerning the examinations.  The reports disclosed his opinions concerning the plaintiff's medical complaints and condition.  Copies of Dr. Mann's reports were subsequently provided to the plaintiff's counsel on April 1, 2005.

## ARGUMENT

This civil action was commenced on January 13, 2005 with issues joining on February 2, 2005.  On December 28, 2005, a Notice of Video Deposition of Dr. Mann to be conducted at his rental home in Boca Raton, Florida on Saturday, January 21, 2006 was received from plaintiff's predecessor counsel without any consultation with defense counsel.  The

3

deposition's location was beyond the jurisdictional venue of this Court and conflicted with defense counsel's preparation for trial in another matter, which was scheduled to commence on Monday, January 23, 2006.  Accordingly, defense counsel filed a Motion for a Protective Order, which was heard by the Court on January 17, 2006, and subsequently granted.

During a hearing on the Motion for a Protective Order, it was brought to the Court's attention that plaintiff's predecessor counsel contacted Dr. Mann in Florida without the knowledge or consent of defense counsel.  Subsequently, the defendants filed a Motion to Disqualify Norman Mann, M.D. As An Expert Witness and Request for Sanctions.  Within their Motion to Disqualify Dr. Mann, the defendants sought an Order that disqualified Dr. Mann as an expert witness, precluded him from testifying at trial, and precluded the introduction into evidence of any of his findings, examination results, and opinions concerning the plaintiff's examination and testing at the UCONN Taste and Smell Clinic.

On March 16, 2006, this Honorable Court granted defendants' Motion to Disqualify Norman Mann, M.D. As An Expert Witness and Request for Sanctions.  *See* **Exhibit 'A'** *attached hereto.*  On May 9, 2006, plaintiff's present counsel filed Plaintiff's Motion to Clarify Order of March 16, 2006 To Establish That Defendants' Costs Must Be Paid By

4

Plaintiff's Prior Counsel.  Within plaintiff's Motion to
Clarify, plaintiff's counsel acknowledged that this Honorable
Court granted defendants' Motion to Disqualify Norman Mann,
M.D. as an expert witness and request for sanctions, but only
requested clarification of whether the plaintiff (personally)
or her predecessor counsel was required to pay sanctions to
the defendants.  Accordingly, any evidence of Dr. Mann's
findings, examination results, and opinions should be
properly excluded from evidence at trial.

WHEREFORE, the defendants pray that this Honorable Court
grant this Motion *In Limine* and preclude the plaintiff from
introducing evidence at trial of any findings, examination
results and opinions of Norman Mann, M.D. concerning the
plaintiff's examination and testing at the UCONN Taste and
Smell Clinic.

5

Respectfully submitted
by their counsel;
**CLINTON & MUZYKA, P.C**

<u>"/s/Thomas J. Muzyka"</u>
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

Dated:  November 8, 2007

# EXHIBIT   A

**Terence G. Kenneally**

---

**From:**     Thomas Muzyka
**Sent:**     Thursday, March 16, 2006 5:35 PM
**To:**       Cheryl Mehos; Angela Bruno
**Subject:**  FW: Activity in Case 1:05-cv-10088-MBB Evans v. Nantucket Community Sailing, Inc. "Order on
             Motion for Miscellaneous Relief"

------------------------------------------------

**From:** ECFnotice@mad.uscourts.gov[SMTP:ECFNOTICE@MAD.USCOURTS.GOV]
**Sent:** Thursday, March 16, 2006 4:01:39 PM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:05-cv-10088-MBB Evans v. Nantucket Community Sailing, Inc. "Order on Motion for Miscellaneous Relief"
**Auto forwarded by a Rule**


**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Bowler, Marianne entered on 3/16/2006 at 4:01 PM EST and filed on 3/16/2006
**Case Name:**        Evans v. Nantucket Community Sailing, Inc.
**Case Number:**      1:05-cv-10088
**Filer:**
**Document Number:**

**Docket Text:**
Judge Marianne B. Bowler: Electronic ORDER entered granting [35] Motion, including the request (Docket Entry # 35, p.13) for payment of expenses incurred by defendants in retaining the expert. Defendants make an adequate showing under LaCroix v. BIC Corp., 339 F.Supp. 196, 199-200 (D.Mass. 2004) (setting forth two part standard). This court has the inherent power to disqualify an expert "to preserve the public confidence in the fairness and integrity of the judicial proceedings." Id. at 199: Paul v. Rawlings Sporting Goods Co., 123 F.R.D. 271, 177-278 (S.D.Ohio 1988). Thus, in order "to preserve the integrity of [these] proceedings" and to avoid the "'fundamental unfairness'" under the circumstances of allowing defense counsel's retained expert to continue as an expert witness in this case, Dr. Norman Mann shall be disqualified. See Id. Defendnats may retain a second expert who may examine the plaintiff. Inasmuch as plaintiff will make defendants whole by paying the co! sts incurred to date in retaining Dr. Mann, defendants' request for payment of future expenses to retain a new expert is DENIED. In addition, denying [36] Motion to Disqualify Counsel.; finding as moot [38] Motion and granting [41] Motion for Leave to File. (Bowler, Marianne)

The following document(s) are associated with this transaction:

**1:05-cv-10088 Notice will be electronically mailed to:**

Richard A. Gargiulo    rag@grglaw.com

Marielise Kelly    mlk@grglaw.com

Terence G. Kenneally    tkenneally@clinmuzyka.com

Jeffrey A. Miller    sdm1059@aol.com,

Thomas J. Muzyka    tmuzyka@clinmuzyka.com

Constance L. Rudnick    rudnick@mslaw.edu

**1:05-cv-10088 Notice will not be electronically mailed to:**

Michael P. Ascher
80 Rockadundee Road
P.O. Box 667
Hampden, MA 01036

Steven D. Miller
817 S. University Drive
Suite 122
Plantation, FL 33324