UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10088-MBB

JULIANNE MARIE EVANS
    Plaintiff,

VS.


NANTUCKET COMMUNITY SAILING, INC.,

RONAN O'SIOCHRU and DONNCHA KIELY
Defendants

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING HER MEDICAL RECORDS INTO EVIDENCE PURSUANT TO THE PROVISIONS OF M.G.L. C.233 SECTION 79G

Now come the defendants, Nantucket Community Sailing, Inc., Ronan O'Siochru, and Donncha Kiely, in the above captioned action, by and through their undersigned counsel, and respectfully move this Honorable Court *in Limine* to preclude the plaintiff from offering her medical records into evidence pursuant to the provisions of *M.G.L. c.233 § 79G*.

As grounds in support of their motion, the defendants submit the following for the Court's consideration.

### BACKGROUND

This is a maritime cause of action for personal injuries brought by Julianne Marie Evans. The plaintiff maintains that on July 5, 2002, she was aboard a sailboat owned by Nantucket Community Sailing, Inc. and piloted by the co-defendant Ronan O'Siochru, when she was struck by the boom

2

from a second sailboat, also owned by Nantucket Community

Sailing, Inc., but piloted by the co-defendant Donncha Kiely.

The plaintiff alleges that as a result of being struck by the

sailboat boom she sustained a loss of smell and taste.

On November 2, 2007, plaintiff's counsel sent a letter,

without enclosures, to defense counsel that details a "list

of health care providers' medical records and bills we intend

to introduce at trial pursuant to M.G.L. c.233 §79G."  A copy

of the letter is attached hereto as *Exhibit A.*

<u>ARGUMENT</u>

*M.G.L. c.233 §79G* states, in part:

> In any proceeding commenced in any court, commission or
> agency, an itemized bill and reports, including hospital
> medical records, relating to medical, dental, hospital
> services, prescriptions, or orthopedic appliances
> rendered to or prescribed for a person injured, or any
> report of any examination of said injured person,
> including, but not limited to hospital medical records
> subscribed and sworn to under the penalties of perjury
> by the physician, dentist, authorized agent of a
> hospital or health maintenance organization rendering
> such services or by the pharmacist or retailer of
> orthopedic appliances, shall be admissible as evidence
> of the fair and reasonable charge for such services or
> the necessity of such services or treatments, the
> diagnosis of said physician or dentist, the prognosis of
> such physician or dentist, the opinion of such physician
> or dentist as to proximate cause of the condition so
> diagnosed, the opinion of such physician or dentist as
> to disability or incapacity, if any, proximately
> resulting from the condition so diagnosed; *provided,*
> *however, that written notice of the intention to offer*
> *such bill or report as such evidence, together with a*
> *copy thereof, has been given to the opposing party or*
> *parties, or to his or their attorneys, by mailing the*
> *same by certified mail, return receipt requested, not*

3

> *less than ten days before the introduction of same into*
> *evidence, and that an affidavit of such notice and the*
> *return receipt is filed with the clerk of the court,*
> *agency or commission forthwith after said receipt has*
> *been returned*. [Underlying and italics our emphasis]

In the first instance, the defendants object to the application of MGL c. 233 §79G as the procedural mechanism for authenticating and offering medical records into evidence.  This state statute is for use before the Trial Courts of the Commonwealth of Massachusetts.  It is inapplicable in the U.S. District Court and is preempted by the Federal Rules of Civil Procedure in this forum.

Additionally, the plaintiff has not properly authenticated the medical records enumerated in **Exhibit 'A'** in compliance with the Federal Rules of Civil Procedure.

If this Court finds that MGL c. 233 §79G is applicable, the defendants submit that the plaintiff has failed to comply with its express provisions and therefore, her medical records are inadmissible.

As detailed in plaintiff's counsel's letter of November 2, 2007, plaintiff's counsel did not produce copies of the plaintiff's medical records.  In addition, plaintiff's counsel failed to mail written notice of the intention to offer the medical records within ten [10] days of introducing

4

them into evidence.  *See **Federal Rule of Civil Procedure 6***.1

Finally, the plaintiff is attempting to evade the requisite procedural and evidentiary rules to introduce expert opinions of several medical parishioners, including Dr. Norman Mann, which were [1] specifically excluded by this Court within its Order of March 16, 2006; [2] not offered in response to the defendants' expert interrogatories; and [3] were not properly disclosed under Fed.R.Civ.P. 26. Accordingly, this Honorable Court should properly exclude the plaintiff's medical records as evidence at trial.

**WHEREFORE**, the defendants pray that this Honorable Court grant this Motion *In Limine* and preclude the plaintiff from offering her medical records into evidence pursuant to the provisions of M.G.L. c.233 § 79G.

---

1 Fed.R.Civ.P. 6 **Time**

**(a) Computation.** In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. *When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation*. As used in this rule and in Rule 77(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

5

Respectfully submitted
by their counsel;
**CLINTON & MUZYKA, P.C**


"/s/Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165


Dated:  November 8, 2007

# EXHIBIT   A

IN OU TUC LRT (Omer | Evans
TMITGK

# Swartz & Swartz
ATTORNEYS AT LAW

*The John & Ebenezer Hancock House on The Freedom Trail*

NUMBER TEN MARSHALL ST., BOSTON, MASSACHUSETTS 02108

617-742-1900    ·    FAX · 617-367-7193

EMAIL · ATTORNEY@SWARTZLAW.COM

WEBSITE · WWW.SWARTZLAW.COM

November 2, 2007

**VIA CERTIFIED MAIL/RRR**

RECEIVED

NOV 0 5 2007

CLINTON & MUZYKA, P.C.

Terrence Kenneally, Esq.
Clinton & Muzyka
1 Washington Mall
Boston, MA 02108

       RE: <u>Evans v. Nantucket Community Sailing, Inc.</u>

Dear Attorney Kenneally:

       In connection with the above-referenced, please find the following list of health care providers' medical records and bills we intend to introduce at trial pursuant to M.G.L. c.233 §79G:

1. Certified medical records and bills from Michael Ackland, M.D.;
2. Certified medical records and bills from Nantucket Cottage Hospital;
3. Certified medical records and bills from Robert Constant, M.D.;
4. Certified medical records and bills from Eric Schertzer, M.D.;
5. Certified medical records and bills from Norman Mann, M.D.;
6. Certified medical records and bills from Kenneth Burke, M.D.;
7. Certified medical records from Kenneth Selbst, M.D.;
8. Certified medical records from Hubert Rosomoff, M.D.;
9. Certified medical records from Ronald S. Wagner, M.D.; and
10. Certified medical records from Paul Flaten, M.D.

       Please note that we have previously provided your office with copies of these records and bills and/or executed authorizations allowing for the release of same. If you do not have any of these medical records and bills, please let me know and I will provide them to you. Should you have any questions regarding this matter, please not hesitate to contact me.

                        Yours truly,

                        David P. Angueira

DPA:jh