UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  | CIVIL ACTION |
|---|---|---|
|  |  | NO.: 05-10088 MBB |
| JULIANNE MARIE EVANS, | * | |
|  | * | |
| Plaintiff, | * | |
|  | * | |
|  | * | |
| vs. | * | |
|  | * | |
|  | * | |
| NANTUCKET COMMUNITY | * | |
| SAILING, INC., a Massachusetts | * | |
| Corporation, RONAN O'SIOCHRU | * | |
| and DONNCHA KIELY, | * | |
|  | * | |
| Defendants. | * | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING HER MEDICAL RECORDS INTO EVIDENCE PURSUANT TO THE PROVISIONS OF M.G.L. C.233 SECTION 79G**

It has been Plaintiff's counsel's practice for several years to utilize the simplicity of M.G.L. c.233 Section79G in federal court to facilitate the admissibility of routine medical records. Most defense counsel and federal court judges do not oppose this procedure. The records identified by the Plaintiff have all been provided to the Defendants' counsel previously. In fact, Defendants' counsel was given signed authorizations to obtain these records. There is no element of surprise or unfairness.

The purpose of M.G.L. c.233 section 79G is to allow for the admissibility of medical records and bills without having to subpoena the clerk from each medical facility to authenticate the records. These records have all been certified by each medical provider as complete.

It would be a judicial waste of time for the Defendants to insist that the Plaintiff has to call each medical provider as a witness to authenticate each record. Unfortunately, Federal Rules of Civil Procedure do not have an analogous procedure to M.G.L. c.233 section 79G. With respect to any records, including Dr. Mann's, that fall within the orders of this Court as precluded, the Plaintiff has no intention of introducing these records unless necessary to rebut evidence by the Defendants or if the door to this evidence is opened by the Defendant.

M.G.L. c.233 section 79G only requires 10 day notice. The Plaintiff sent the notice on November 2, 2007. In the notice it advised the Defendants that since they already have all these records another copy was not necessary. It also informed the Defendants to notify Plaintiff if they wanted copies. The Defendants received the notice on November 5, 2007 but waited until November 8, 2007 at 5:35 p.m. to file this motion. The records pursuant to Section 79G can be introduced as early as Monday, November 12, 2007. The trial begins November 13, 2007.

Additionally, the records as certified would be admissible even without notice under 79G since the Plaintiff complied with District Court, Local Rule 35.1 and the Defendants had copies of all these records during discovery. If the Defendant demands the medical personnel must be subpoenaed and testify for authenticity they should be ordered to pay for waste of Judicial time.

                                                Respectfully submitted,

                                                /s/David P. Angueira
                                                _____
                                                Edward M. Swartz, BBO #489540
                                                Alan L. Cantor, BBO #072360
                                                David P. Angueira, BBO #019610
                                                Swartz & Swartz
                                                10 Marshall Street
                                                Boston, MA 02108
DATED: November 9, 2007            617-742-1900

## **CERTIFICATE OF SERVICE**

I, David P. Angueira, Esq. do hereby certify that the foregoing document was served on the following counsel on this date and in the manner specified herein:

Electronically Serviced Through ECF:

Terrence Kenneally, Esq.
Clinton & Muzyka
1 Washington Mall
Boston, MA 02108

This 9th day of November, 2007.

/s/ David P. Angueira
_____
David P. Angueira