UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10088-MBB

**JULIANNE MARIE EVANS**
     **Plaintiff,**

VS.

**RONAN O'SIOCHRU and DONNCHA KIELY**
     **Defendants.**

## DEFENDANT'S MOTION FOR JUDGMENT ON PARTIAL FINDINGS PURSUANT TO FED.R.CIV.P. 52(c)

Now comes the defendant, Ronan O'Siochru, by and through his undersigned counsel, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court, pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, to enter Judgment on Partial Findings.

As grounds in support of this motion, the defendant submits the following for this Honorable Court's consideration.

## BACKGROUND

This action arises out of an alleged loss of smell and taste sustained by the plaintiff on July 5, 2002 while engaged in an informal sailboat race.

The plaintiff was participating onboard a sailboat, owned by Nantucket Community Sailing, Inc. and piloted by the defendant when she was struck by the boom from a second sailboat, also owned by Nantucket Community Sailing, Inc.,

but piloted by Donncha Kiely.  The boom struck the plaintiff on the back of her neck.

In January 2005, the plaintiff commenced this civil action by filing a Complaint with this Honorable Court.

The plaintiff further alleges that the defendant had a duty of care to not injure the plaintiff during the race.

The plaintiff alleges that the defendant breached his duty of care to the plaintiff by failing to yield and give way when a second vessel possessed a clear right of way.

The plaintiff alleges that her injuries were proximately caused by the defendant.

The plaintiff has stipulated that [1] the only claim presented in this action was for the value of loss of taste and smell; [2] the plaintiff is not seeking loss of earning capacity, either past or future; and [3] limit medical expenses relating to the loss of taste and smell.

## ARGUMENT

The defendant is entitled to Judgment on Partial Findings because the plaintiff has failed to prove the essential elements of negligence.  *See*, *i.e.* **Scalici v. Moran Towing and Transp. Co. Inc.**, 1986 A.M.C. 2645, 2652, 1986 WL 13442 (E.D.N.Y. 1986) (the plaintiff must prove the elements of negligence by a preponderance of the evidence); **Kain v. S/S Vjazma**, 1977 A.M.C. 415, 420 (E.D. La. 1977), *aff'd*, 612

F.2d 577 (5th Cir. 1980)(the burden of proving the elements of negligence rests solely on the plaintiff). To prove negligence under the controlling General Maritime Law, the plaintiff must establish the applicable standard of care and that the defendant breached said standard of care, which proximately caused her injuries. ***Kain v. S/S Vjazma***, 1977 A.M.C. 415, 420 (E.D. La. 1977), *aff'd*, 612 F.2d 577 (5th Cir. 1980). The plaintiff has offered no evidence that the defendant breached any duty to the plaintiff by her testimony, by expert witness, or upon any stipulation that satisfies this burden. As a result, it is impossible for this Honorable Court to conclude without this evidence that this defendant breached the applicable standard of care without engaging in pure speculation or conjecture. *See* ***Goldhirsh Group v. Alpert****,* 107 F.3d 105, 108 (2d Cir.1997) (quoting ***Michelman v. Clark-Schwebel Fiber Glass Corp.****,* 534 F.2d 1036, 1042 (2d Cir.1976)).

> When a party has finished presenting evidence and that evidence is deemed by the trier insufficient to sustain the party's position, the court need not waste time, but, rather, may call a halt to the proceedings and enter judgment accordingly. ***Morales Feliciano v. Rullan***, 378 F.3d 42, 59 (1st Cir. 2004) *citing to* ***Federal Rule of Civil Procedure 52(c)***.

The plaintiff has failed to offer sufficient evidence to support a finding of liability against the defendant.  The only evidence that the plaintiff has presented on the issue

of liability is her self-serving testimony, which has been refuted by each defendant.  This defendant testified to his vessel's specific maneuvers and his compliance with the standards for maneuvering the vessel safely, within the standard of care and without negligence. The plaintiff has offered no evidence to rebut this clear, unequivocal, direct testimony.

In order to present a question for the trier of fact, plaintiff must present more than a mere scintilla of evidence. **Doucet v. Diamond M Drilling Co.**, 683 F.2d 886, 889, 1983 A.M.C. 2999 (5th Cir. 1982) (holding a mere scintilla of evidence insufficient to present the question to the trier of fact). There is no competent evidence before this Honorable Court to support a finding of liability against the defendant and, as a result, this Honorable Court should enter Judgment on Partial Findings.  See **Morales** at 59 *citing to* **9A Charles Alan Wright & Arthur R. Miller**, **Federal Practice & Procedure § 2586** (2d ed.1994), at 497-99 (*noting that the court's task under Rule 52(c) is to weigh the evidence, without drawing any special inferences in the nonmovant's favor, resolve any conflicts in the evidence, and "decide for itself where the preponderance lies"*).

The only conclusion that this Honorable Court should reach based upon the evidence offered by the plaintiff is

that there was an accident on July 5, 2002.  It is well-settled under the General Maritime Law that the mere happening of an accident is not evidence of negligence.  ***Wm. L. Prosser, Law of Torts*** *§§ 39-40, p. 39-40 (4th ed. 1984);* ***Force and Norris, The Law of Maritime Personal Injuries*** *§ 8:11, at 8-21 (5th ed. 2004);* ***Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg***, 862 F.2d 767, 1989 A.M.C. 330, 333 (9th Cir. 1988) (*negligence cannot be presumed, it must be proven*).

    **WHEREFORE**, the defendant prays that this Honorable Court dismiss the plaintiff's Amended Complaint together with costs and attorney fees.

                                        Respectfully submitted,

                                        **CLINTON & MUZYKA, P.C.**

                                        "/s/Thomas J. Muzyka"
                                        **Thomas J. Muzyka**
                                        **BBO NO. 365540**
                                        **Terence G. Kenneally**
                                        **BBO NO: 642124**
                                        One Washington Mall
                                        Suite 1400
                                        Boston, MA 02108
                                        (617) 723-9165

Dated:   November 16, 2007