UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JULIANNE MARIE EVANS,
        Plaintiff,


        v.                                CIVIL ACTION NO.
                                          05-10088-MBB

NANTUCKET COMMUNITY SAILING,
INC., a Massachusetts Corporation,
RONAN O'SIOCHRU and DONNCHA KIELY,
        Defendants.


**MEMORANDUM AND ORDER RE:**
**PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**
**(DOCKET ENTRY # 104)**

**February 5, 2009**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P. ("Rule 59(e)").  After conducting a hearing on December 22, 2008, this court took the motion (Docket Entry # 104) under advisement.


BACKGROUND

This personal injury action arises out of a July 2002 accident during a sailboat race off Jetties Beach in Nantucket. During the race, defendant Donncha Kiely ("Kiely") was at the helm of a Hunter 140 sailboat racing along side another Hunter 140 sailboat.  Defendant Ronan O'Siochru ("O'Siochru") was at the helm of the latter sailboat in which plaintiff Julianne Marie Evans ("Evans") was a passenger.  When Kiely jibed his boat, the

tip of the boom struck Evans causing a post concussive syndrome and injuries to her sense of taste and smell.

As set forth in the amended complaint, plaintiff sought recovery against Kiely and O'Siochru, both instructors at defendant Nantucket Community Sailing, Inc. ("NCS"),[1] for negligence based upon diversity jurisdiction.  Defendants, in turn, maintained that Evans was comparatively negligent.

After a four day bench trial, this court issued a Memorandum and Order on October 22, 2008, finding Kiely and O'Siochru negligent.  This court also found Evans comparatively negligent and thus reduced a $150,000 total damages award by the 40% proportionate degree of fault attributed to Evans.  This court expressly found O'Siochru 35% at fault and Kiely 25% at fault. (Docket Entry # 102, p. 48).  The conclusion section of the opinion found "in favor of Evans on the negligence claim in the amount of $90,000 or 60% of the $150,000 total" and awarded her prejudgment interest in the amount of $15,111.

A final judgment issued on October 22, 2008.  The final judgment, however, did not reflect the joint and several liability of Kiely and O'Siochru for the entire $90,000 amount.

---

[1]  The parties stipulated to the dismissal of NCS "with prejudice and without interest, costs or attorneys fees" in November 2007.  (Docket Entry # 85).  Absent additional evidence submitted in the course of any Rule 68 dispute, this court assumes that Evans did not recover any amount from NCS in settlement of the dispute.

Instead, it ordered and adjudged that Evans recover $37,500 from Kiely and $52,250 from O'Siochru.  The judgment reads as follows:

> It is **ORDERED** and **ADJUDGED** that plaintiff Julianne Marie Evans ("Evans") recover of defendant Donncha Kiely the amount of $37,500 and Ronan O'Siochru the amount of $52,500 for a total award of $90,000 in damages as well as a total of $15,111 in prejudgment interest along with costs.  Evans shall take nothing from defendant Nantucket Community Sailing, Inc. in accordance with the parties' stipulation.

(Docket Entry # 103).

Evans argues that the final judgment erroneously included dollar amounts proportional to the degrees of fault of Kiely and O'Siochru in violation of the rule of joint and several liability applicable in maritime actions.  Defendants counter that the joint and several liability rule operates automatically thereby avoiding the need to amend the judgment.  They also point out that Evans "believes" that amending the judgment to allow her to collect the entire $90,000 amount from Kiely will prevent Kiely, O'Siochru and NCS ("defendants") from recovering costs pursuant to Rule 68, Fed. R. Civ. P. ("Rule 68") because their joint $175,000 offer of judgment designated Kiely's proportional contribution as $50,000.[2]

---

[2]  At the time of the offer, NCS was a party "defending against a claim," Rule 68(a), Fed. R. Civ. P., inasmuch as the stipulation did not enter until November 2007.  The joint $175,000 offer of judgment allocated proportional contributions to each defendant.  The terms of the "joint" offer did not allow Evans to accept a proportional contribution from a single defendant.  Rather, it required Evans to accept the total amount of the package, i.e., $175,000.

DISCUSSION

The accident occurred on a boat in navigable waters and involved injuries occurring on board a sailboat during a sailboat race thereby bearing a significant relationship to a traditional maritime activity.  Accordingly, substantive maritime law applies.  See Transamerica Premier Ins. Co. v. Ober, 107 F.3d 925, 930 n. 5 (1st Cir. 1997); Butler v. American Trawler Co., Inc., 887 F.2d 20, 21-23 (1st Cir. 1989) ("Supreme Court has made clear that a maritime tort is 'a type of action which the Constitution has placed under national power to control in "its substantive as well as its procedural features"'"); Hamburg-Amerika Linie v. Gulf Puerto Rico Lines, Inc., 579 F.2d 115, 117 (1st Cir. 1978) ("district court should properly apply federal maritime law once it has determined that the tort is a maritime one even when diversity jurisdiction is invoked").  In addition, the Federal Rules of Civil Procedure ordinarily "apply to admiralty cases."  Persson v. Scotia Prince Cruises, Ltd., 330 F.3d 28, 32 (1st Cir. 2003).

Evans seeks relief under Rule 59(e).  Such "'motions are granted only where the movant shows a manifest error of law or newly discovered evidence.'"  Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008); see generally Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005) (noting that "party must 'either clearly establish a manifest error of law or must present

4

newly discovered evidence'" and citing treatise denoting grounds as "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law"). Correcting "a clearly established 'manifest error of law'" therefore provides a valid basis for a Rule 59(e) motion. <u>ACA Financial Guaranty Corp. v. Advest, Inc.</u>, 512 F.3d 46, 55 (1st Cir. 2008). The alleged legal error is the failure to enter a judgment reflecting the joint and several liability of Kiely and O'Siochru.

Joint and several liability among multiple defendants is a well established principle of maritime tort law. <u>See Edmonds v. Compagnie Generale Transatlantique</u>, 443 U.S. 256, 259-260 & n. 7 (1979) (statutory longshoreman's action but noting joint and several liability existed prior to 1972 amendments to statute); <u>accord McDermott, Inc. v. AmClyde</u>, 511 U.S. 202, 220 (1994) (admiralty case describing <u>Edmonds</u> as "reaffirming the well-established principle of joint and several liability"); <u>Self v. Great Lakes Dredge & Dock Co.</u>, 832 F.2d 1540, 1546 (11th Cir. 1987) (noting that <u>Edmonds</u> "repeatedly reaffirmed the right of a plaintiff to recover from any single tortfeasor the full compensation for damages incurred"). Joint and several liability applies where, as here, "there has been a judgment against multiple defendants." <u>McDermott, Inc. v. AmClyde</u>, 511 U.S. at 220-221. The principle allows the plaintiff to recover the

entire amount of a judgment from a single tortfeasor which can thereby result in the tortfeasor paying more than his "apportioned share of liability." McDermott, Inc. v. AmClyde, 511 U.S. at 221.  Finally, the proportionate fault or comparative negligence rule does "not abrogate admiralty's application of joint and several liability, and the two doctrines have continued to work side-by-side in the maritime law." Coats v. Penrod Drilling Corp., 61 F.3d 1113, 1126 (5th Cir. 1995); see also U.S. v. Reliable Transfer Co., Inc., 421 U.S. 397, 407 (1975) (recognizing that "comparative negligence has long been applied" in admiralty law "with no untoward difficulties in personal injury actions").

The application of joint and several liability is well suited to maritime tort actions.  The doctrine allows "a seaman to pursue and to collect his entire damages award from one co-defendant when the generally international character of his profession might make it difficult or impossible to locate or to collect from other tortfeasors." Coats v. Penrod Drilling Corp., 61 F.3d at 1125.  Likewise, "If comparative fault were the rule, an injured seaman might have to bear damages higher than his degree of fault" thereby undermining the remedial nature of general maritime law.  Joia v. Jo-Ja Service Corp., 817 F.2d 908, 917 (1st Cir. 1987).  There is little inequity to a paying defendant inasmuch as he "has a right of contribution against a

non-paying entity" and can seek to recover the amount paid in
excess of his apportioned degree of fault.   Id.

It was therefore a manifest error of law to enter a judgment
in Evans' favor that did not impose the joint and several
liability applicable in a maritime personal injury action.
Instead of adhering to the principle of joint and several
liability, the judgment expressly apportioned the $90,000 award
into discrete dollar amounts based upon the proportionate fault
of each defendant.

The judgment thus limited Evans' recovery from Kiely to the
expressly stated $37,500 adjudged amount and her recovery from
O'Siochru to the expressly stated $52,500 adjudged amount.  The
language of the judgment directly conflicts with the foregoing
principle noted in McDermott that a plaintiff can recover the
entire amount of a judgment from a joint and severally liable
defendant even though this can result in the defendant paying
more than his apportioned share.  See McDermott, Inc. v. AmClyde,
511 U.S. at 220-221; see also Joia v. Jo-Ja Service Corp., 817
F.2d at 914 (rejecting argument "that liability should be entered
not jointly and severally, but on the basis of responsibility"
because "maritime law" and Massachusetts common law negligence
provide "that the defendants . . . are jointly and severally
liable for the plaintiff's losses").  Amending the final judgment
to reflect the joint and several liability of Kiely and O'Siochru

also conforms to the conclusion stated in the October 22, 2008 Memorandum and Order.  An amended judgment will therefore issue.

The final judgment awarded $15,111 prejudgment interest from the time of the accident to the date of the October 22, 2008 judgment.  The 106 days since October 22, 2008, at a $6.58 daily amount[3] results in the addition of $697.48 in prejudgment interest for a total amount of $15,808.

Turning to the effect of the Rule 68 offer of judgment that defendants raise in opposition to the Rule 59(e) motion, plaintiff has not taken the opportunity to brief the issue by, for example, filing a motion for leave to file a reply brief. The issue is therefore premature.

This court notes, however, that Rule 68 applies to offers in multi-defendant cases.  King v. Rivas, __F.3d__, 2009 WL 225252, *4 (1st Cir. Feb. 2, 2009).  In the event the parties desire a determination of the effect of the Rule 68 offer of judgment, they should file a motion which can then be fully briefed in support and in opposition.

As a final matter, the prior judgment awarded "costs" to Evans as a prevailing party under Rule 54(d).  Rule 68, however, may prevent Evans from recovering the entirety of her Rule 54(d) costs in the event the judgment Evans obtained is not more

---

[3]  The October 22, 2008 Memorandum and Order contains the relevant law supporting the award of prejudgment interest as well as the calculation of the amount.

8

favorable than the offer of judgment.  Again, however, the issue is premature inasmuch as the parties have not presented the Rule 68 issues in a motion to enforce the offer or otherwise fully briefed the matter.  Accordingly, the amended judgment will include an award of Rule 54(d) costs.

<u>CONCLUSION</u>

For the foregoing reasons, the motion to amend the judgment (Docket Entry # 104) to reflect the joint and several liability of Kiely and O'Siochru is **ALLOWED**.  An amended final judgment shall issue forthwith.

　　/s/ Marianne B. Bowler　　　
**MARIANNE B. BOWLER**
United States Magistrate Judge